## J. P. CROUCH ET AL. v. CITY OF McKINNEY.

Decided June 15, 1907.

**1.—City Council—Authority—Selling Electric Power.**

Even though portions of a city may be without street lights, if this condition is caused by the lack of funds on the part of the city to establish more lights, the city may sell any surplus electric power to private parties for private purposes, under the general law of this State incorporating cities and towns.

**2.—Same.**

As long as the affairs of a city are conducted fairly and in a reasonably judicious manner by the mayor and board of aldermen their acts will not be interfered with by the courts.

**3.—Municipal Corporation—Injunction—Burden of Proof.**

Where plaintiffs sought to enjoin city authorities from selling electric power to private parties on the ground, in substance, that such sale impaired the public service, the burden of proof was upon them to establish such ground.

**4.—City—Current Funds.**

Where the proceeds arising from the sale of water by a city are more than sufficient to pay the expenses of maintaining the system as installed, the surplus money or profits become current funds and the city has the right to apply such profits to other needs of the city.

**5.—City Franchise, not Exclusive.**

The fact that a city has granted a franchise to a person or corporation to furnish the inhabitants with lights, will not prevent the city from selling lights itself or from granting a similar right to some one else.

Appeal from the District Court of Collin County. Tried below before Hon. B. L. Jones.

*Abernathy & Abernathy, G. R. Smith* and *M. H. Garnett,* for appellant.—The court erred in dissolving the injunction and in refusing to reinstate it on motion, because under the law, the only authority given the defendant is to maintain its plant for the purpose of lighting the streets, and there is no authority given under the law to manufacture and sell electricity. Rev. Stats., art. 421; Wood v. City of Victoria, 18 Texas Civ. App., 573; State v. City of Millville, 36 Atl. Rep., 691; State v. Mayor, etc., of Borough of Riverton, 33 Atl. Rep., 279; Mauldin v. City Council of Greenville, 33 S. C. I.; 11 S. E. Rep., 434; 8 L. R. A., 291; Christensen v. City of Fremont, 63 N. W. Rep., 364-365; Constitution, 1875, art 8, sec. 3; Baker v. City of Grand Rapids, 106 N. W. Rep., 208.

*I. E. Reeves* and *Abernathy & Mangum,* for appellees.

RAINEY, CHIEF JUSTICE.—This suit was instituted by J. P. Crouch and J. P. Burrus to enjoin the City of McKinney and its officers from furnishing electric lights to private citizens to be used in their private and business houses. It was alleged that the furnishing of said light to individuals would decrease the efficiency and effectiveness of the street lights already established and prevent the establishment of other street lights needed by the city; also that it was in contravention of the Constitution of the State and the charter under which said city is operating; also that it was diverting the revenues of the water plant to the operation of the electric plant, thereby using money procured by taxation for a purpose not authorized, when said revenues should be applied to the betterment of said water system; also that the city is furnishing said lights to individuals at less than the cost of production, and to maintain the said incandescent system will necessitate large expenditure of money that can be derived only from taxation, which will not be used for public purpose, but for private gain alone.

A temporary injunction was granted, and the defendants answered and filed a motion to dissolve. The McKinney Electric Light & Motor Power Company filed a plea of intervention, to which defendants filed an answer. The motion to dissolve was presented to the judge in vacation, and the same was sustained, and plaintiff and interveners excepted. Thereafter motion was made to the court to reinstate, and plaintiff and interveners by leave of court filed their first supplemental petition. The exceptions of plaintiff and interveners were overruled and they duly excepted, and the cause was continued without prejudice. At the September term following, the motion to reinstate was overruled, to which exceptions were duly taken. The case was tried before a jury and verdict and judgment were rendered for defendants, and plaintiffs and interveners appeal.

The first and second assignments of error complain of the action of the court in overruling the motion to reinstate the injunction. On the hearing of the motion to reinstate no statement of the evidence is embodied, if any was adduced, or incorporated in the record, and as the case was tried on its merits we will only consider the case from the evidence and proceedings on the trial in determining whether there was error committed.

The city of McKinney is operated under the general laws of the State incorporating cities and towns. Article 421, Rev. Stats., reads: "To provide for lighting the streets and erecting lamp posts therein, and regulating the lighting thereof, and from time to time create, alter or extend lamp districts, to exclusively regulate, direct and control the laying and repairing of the gas pipes and gas fixtures in the streets, alleys, sidewalks and elsewhere."

The city established an electric light plant in connection with its water plant and installed thirty-one arc lights in different parts of the city. It granted to certain corporations a franchise to install an electric light plant to furnish the citizens lights for their private and business houses. This franchise is now held by intervener, The McKinney Electric Light & Motor Power Company.

It is conceded by appellants that the city had the power to install

the electric light plant for the purpose of lighting the streets, but that its power ceased there, and that it has not the power to furnish electric power to individuals for lighting private and business houses, until all portions of the city are furnished street lights. There are some portions of the city that are not supplied with street lights, but this condition exists for the want of funds to install them. The people of the city voted the issuance of bonds for installing the electric light plant. The proceeds of the sale of said bonds were exhausted in installing said plant and the thirty-one arc street lights and no funds remain for the extension of the street lights. The capacity of the electric plant is much greater than necessary for the lighting of the streets and the excess or surplus is used by the city in supplying lights to individuals for their private use. When the city has a surplus of power after discharging its duty to the public, there seems to be no question of its authority to sell the excess to private citizens. Nalle v. City of Austin, 21 S. W. Rep., 380; City of St. Louis v. The Maggie P., 25 Fed. Rep., 204; Joyce on Electric Law, sec. 237; Pikes Peak Power Co. v. City of Colorado Springs, 105 Fed. Rep., 1.

But it is contended that as long as portions of the city remained unlighted there could be no excess of electricity that could be disposed of by the city. This contention we do not think tenable. The government of the city has been intrusted to a mayor and board of aldermen, and so long as the affairs of the city are conducted in a reasonably judicious manner their acts will not be interfered with. No fraud is alleged on the part of the council in conducting the city government, and "unless the council is transcending its powers, or some clear right has been withheld or wrong perpetrated or threatened," the parties are not entitled to invoke the power of the court. Dillon Mun. Cor., vol. 1, sec. 95 (4th ed.). All the proceeds derived from the sale of the electric light bonds had been consumed in the installation of the plant and street lights. The council had used their discretion in placing the lights for the streets and it was not practicable to extend them to other parts of the city. Under these conditions, rather than to have let the surplus power of the plant remain idle, it was better to sell such surplus of the electricity that was produced, for private use.

The appellant complains of the 3d paragraph of the court's charge which reads as follows: "3d, If therefore you believe from the evidence that the said electric light plant owned and operated by the city, has no more power than is necessary to furnish a sufficient number of arc lights for the reasonable lighting of the city's streets, alleys, and other highways, looking to the necessities and conveniences of the inhabitants of said city, and looking also to the financial ability of said city to furnish said lights, and if you further believe from the evidence that the maintaining of the present system of commercial lights materially impairs the usefulness of said plant for so lighting said streets and alleys of said city, you will find for plaintiffs, and also for the intervener, The McKinney Electric Light & Motor Power Company, but in any event, you will find against the intervener, J. W. Webb."

The propositions submitted under this assignment are in effect, that it placed the burden on plaintiffs to show that the plant had no more power than was necessary to furnish a sufficient number of arc lights for the reasonable lighting of the streets, and also that the maintenance of the present system of commercial lights materially impairs the usefulness of said plant for lighting the streets, whereas if either proposition was established plaintiffs would be entitled to recover. That it also placed the burden on appellants of showing that the city had the financial ability to furnish lights for the streets. We do not think the charge was more onerous than the law required. The appellants based their right to the injunction upon the ground that the city did not have the power to furnish commercial lights, and it devolved upon appellants to show the nonexistence of such power. If the city was not financially able to extend the lighting of the city it had the right to furnish the surplus electricity produced for private use. The city had exhausted its power to levy more taxes and its ability to extend the street lights was a proper matter for the jury to consider. It was not improper to charge the jury that the service should be "materially impaired." A slight impairment would not be a sufficient ground for granting the injunction. Power Co. v. City of Colorado Springs, *supra.*

Assignments numbers seven and eight complain of the refusal of special charges, which in effect tell the jury that the city council had no right to sell electricity until all parts of the city were sufficiently supplied with street lights. These charges ignore the financial ability of the city to furnish more lights for the streets. In this respect we think they are erroneous and should not have been given. The foregoing applies to several other assignments of error made to the charge of the court and further notice here is unnecessary.

The fifteenth assignment complains of the refusal of the court to charge the jury, in effect, that it was the duty of the city to establish and maintain sufficient mains and pipes to distribute water through the city reasonably sufficient for the convenience of its inhabitants, and until it had done so it had no right to divert the funds of said city or the money belonging to said city in any manner derived from its water works system, for any other purpose, and if they found the council had not established such, and are using the money derived by taxation, or from the sale of its water for the purpose of manufacturing and selling commercial lights, to find for interveners. The evidence shows that the main portion of the town is supplied with mains and pipes for the distribution of water, and the extension of the water system should be left to the sound discretion of the city council. The proceeds arising from the sale of water was more than sufficient to pay the expenses of maintaining the system as installed, and the surplus money or profits derived became current funds and the council had the right to divert said profits to other needs of the city. Citizens' Bank v. City of Terrell, 78 Texas, 450. The court did not err in refusing said charge. The court charged the jury that the city did not primarily have power to furnish lights for private use, but if the city had more power than was sufficient for the present conditions and needs of the city, to find for said city. There being

a surplus of power the council had the right to expend current funds to put that power in use and the expending of such funds in supplying electricity sold to its citizens for private use was not in derogation of the Constitution relative to taxation.

That intervener had a franchise to furnish the inhabitants with lights did not prevent the city from exercising the right to do so. The franchise of intervener was not exclusive, and had such a right been granted by the city, it would have been void as the power to grant such a franchise did not exist in the city.  City of Austin v. Nalle, 85 Texas, 520.  The franchise granted to the intervener did not prohibit the city from granting a similar right to some one else, nor of using it itself.

Under the facts the jury reached the correct verdict and the judgment is affirmed.

*Affirmed.*

Writ of error refused.