STATE OF FLORIDA, ex rel. FIRST STATE SAVINGS BANK OF MORENCI, Michigan, *Plaintiff in Error,* v. SPECIAL ROAD & BRIDGE DISTRICT No. 7, Hardee County, Florida, et al., *Defendants in Error.*

___ So. ___

Division A.

Opinion filed May 22, 1933.

*C. L. Chancey,* for Plaintiff in Error;

*S. D. Williams,* for Defendant in Error.

DAVIS, C. J.—In this case is involved a proceeding in mandamus brought to enforce the payment of certain special road and bridge district bonds of Special Road & Bridge District No. 7 of Hardee County. The proceeding was instituted by plaintiff in error, as relator in the court below,

against Special Road & Bridge District No. 7 of Hardee County, the County Commissioners of said county, the Hardee County Tax Assessor and Tax Collector together with the State officials constituting the State Board of Administration as joint respondents.

The command of the alternative writ was in substance as follows:

" 'That the respondents * * * whose duty it is, under the law so to do, to pay instanter to relator * * * all sums of money actually on hand * * * applicable to the payment of bonds held by relator * * * not exceeding an amount sufficient to pay the principal and accrued interest * * * or so much * * * as the said monies on hand shall be sufficient to satisfy in full * * * and upon their failure so to do, that said respondents * * * and show cause, if any they have, why they fail or refuse to make such payment; and in the event there be not sufficient money on hand * * * to pay the whole of the indebtedness due relator * * * said respondents are hereby required and commanded * * * to show cause * * * why the respondents whose duty it is to receive and collect taxes heretofore levied * * * should not be required * * * to pay over to relator all sums of money collected on account of taxes heretofore or hereafter levied * * * for the purpose of paying the bonded indebtedness of said District until the said claims of relator be paid in full and * * * in the absence of prior payment * * * at the time when, according to law, the assessment roll for Hardee County for the year 1932 is required to be made up * * * they should not be required to include on said roll * * * taxes * * * sufficient when collected to pay the relator in full.' "

We have recently held here that rights enforceable by writ of mandamus against the State Board of Administration when made a respondent to such writ, are dependent

solely upon the statute creating rights which under the law may be asserted and enforced against the State board, to the extent of compelling the State board to carry out and execute the obvious intent and purpose of Chapter 14486, Acts of 1929, under which the State Board of Administration is required to perform its functions. State ex rel. Orrell v. Johnson, 109 Fla. 263, 147 Sou. Rep. 254.

The alternative writ in this case embraced commands against the State Board of Administration which were not justified under the holding of the above cited case, therefore, the Circuit Court's judgment, quashing the alternative writ as being too broad, was proper and should be affirmed.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.