WALTER MCNALLY, Mayor, *et al.*, v. STATE *ex rel.* BOND REALIZATION CORP.

150 So. 751.
Opinion Filed October 21, 1933.
Opinion on Motion to Dismiss Filed Sept. 5, 1933.

*J. V. Walton,* for Plaintiffs in Error;

*Akerman & Gray,* for Defendant in Error.

PER CURIAM.—In this case, here on writ of error to a judgment in favor of relator in a mandamus proceeding brought by a bondholder against the City of Palatka to require the payment of certain bonds of which relator is the holder, the alternative writ requires the respondents to forthwith pay to relator certain moneys alleged to be in the city treasury applicable to relator's claims, and on failure to do so, to levy a tax to pay the debt the bonds represent.

No objection was made in the court below to the alternative writ as framed, either as to form or substance, so many of the objections now attempted to be raised by the City for the first time on appeal, solely through the assignments of error filed must be overruled on the authority of

Taylor v. Baker, 1 Fla. 245; Caldwell v. Peoples Bank of Sanford, 73 Fla. 1165, 75 Sou. Rep. 848, wherein it was held that procedural objections must be ruled on in the court below before error can be assigned thereon.

On writ of error this Court does not try the case *de novo,* but simply reviews and tries the judgment that has been appealed from, for alleged error committed in arriving at it or in its rendition, if error on *rulings* of the court in the course of arriving at the judgment be properly assigned and here duly presented and argued. Gilcrease v. State, 94 Fla. 1189, 116 Sou. Rep. 501; Proctor v. Hart, 5 Fla. 465; Summerlin v. Thompson, 31 Fla. 369, 12 Sou. Rep. 667. The sole exception is as to errors shown of record that are jurisdictional or fundamental in character, though no point on them was reserved in the lower court. White v. Crandall, 105 Fla. 70, 137 Sou. Rep. 272; Bridier v. Yulee, 9 Fla. 481; Pittman's Adm'r v. Myrick, 16 Fla. 692; McKinnon v. Lewis, 60 Fla. 125, 53 Sou. Rep. 940; State, *ex rel.* Barrs v. Pritchard, 111 Fla. 122, 149 Sou. Rep. 58.

A command to pay bonds out of funds in hand implies the total lack of any necessity for the levy of a special tax with which to pay same, at least until after applicable funds on hand are made available and actually applied toward the discharge of the bond obligation. To the extent therefore that, the alternative writ in this case, and the peremptory writ issued pursuant thereto, required the respondents to disburse applicable funds in hand to the payment, or part payment of relator's bonds, the writ was proper and should have been awarded on the authority of State, *ex rel.,* Du-Pont Ball, Inc., v. Livingston, 104 Fla. 33, 139 Sou. Rep. 360; Humphreys v. State, *ex rel.,* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858.

But since the command for the levy of a special tax as

an alternative to likely payment in full out of funds already in hand, was an unauthorized concurrent requirement to be incorporated in the alternative writ (and the peremptory writ) under the showing made by the pleadings in this case, which was simply that the bonds were subject to payment and had not been paid out of applicable funds on hand of an undescribed amount applicable to such payment, the alternative writ, and consequently the peremptory writ, are infected with fundamental error, properly assigned on this appellate proceeding, although not raised in the court below, and for such error the judgment must be reversed with directions to permit relators to make a proper amendment of the alternative writ, and have thereon a peremptory writ, in accordance with the practice in cases like this heretofore approved and followed in Columbia County v. King, 13 Fla. 451 (text 481).

Affirmed in part and reversed in part, and cause remanded for appropriate proceedings, costs on appeal to be apportioned equally between the parties.

DAVIS, C. J., and WHITFIELD, and BROWN and BUFORD, J. J., concur.

ON MOTION TO DISMISS WRIT OF ERROR.

DAVIS, C. J.—In this case, defendant in error's motion to dismiss the writ of error sued out from the amended final judgment entered in a mandamus proceeding must be denied because it appears that notwithstanding two previous writs of error sued out and dismissed as to the original purported final judgment in the cause, the only final judgment that has ever been entered in the proceeding is that which was entered by the Court on May 15, 1933, to which the present writ of error was sued out on the 8th day of June, 1933, returnable to the court on July 11, 1933. As the last mentioned writ of error was obviously sued out within the six

months limitation of time allowed for taking writs of error in law cases, the grounds of defendant in error's motion was not taken in time, must necessarily fail.

What purports to be a .final judgment in the cause entered on November 22, 1932, is not in legal effect a final judgment at all, whether heretofore so regarded by the parties to it, or not. The only legal final judgment that can be entered for the relator in a mandamus case is a judgment of the court ordering a peremptory writ of mandamus to be issued in exact accordance with the alternative writ or an order quashing the alternative writ. The "order" of November 22, 1932, did not require or provide for the issuance of a peremptory writ, therefore it is not a final judgment, and did not become such until it was amended by the order May 15, 1933, which thereupon became the final judgment in the cause.

Motion to dismiss writ of error denied.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs in conclusion.