CITY OF WINTER HAVEN, *et al.,* v. STATE, *ex rel.*
E. M. BAYNES.

154 So. 879.
Division A.
Opinion Filed April 16, 1934.

*Henry L. Jollay,* for Plaintiffs in Error;
*Ernest C. Wimberley,* for Defendant in Error.

DAVIS, C. J.—In this case the command of an alternative writ of mandamus required the City of Winter Haven, through the respondents its designated officials, to pay instanter certain matured bonds held by relator, which became due April 15, 1931. The writ also embraced a separate command to the effect that in the event there was not sufficient sums of money on hand in the interest or sinking fund with which to pay relator's bonds, that respondents be required to levy and collect a direct tax upon all the taxable property within the corporate limits of the city, sufficient to fully pay relator's principal and interest. The alternative writ also commanded the respondents to refrain from disbursing any amounts levied and collected from interest or sinking funds other than as in the amended alternative writ required.

Motion to quash the amended alternative writ was denied. Thereafter a peremptory writ was ordered, a return to the amended alternative writ setting up certain alleged defenses, to the contrary notwithstanding. By writ of error to the judgment awarding the peremptory writ, there is before this Court for review the propriety of the peremptory writ.

The judgment should be reversed on the authority of McNally v. State, *ex rel.* Bond Realization Corporation, 112 Fla. 434, 150 Sou. Rep. 751, wherein it was held improper to join in a single writ of mandamus a command to disburse available funds on hand and thereafter to levy a special tax to pay the same bonds and coupons.

Where tax moneys have been duly raised pursuant to statutes under which municipal bonds were issued as general obligations, in order to provide a special fund for the payment of such bonds and coupons when due, the holder of such bonds and coupons acquires a vested and irrevocable

interest in the fund once it is so raised, and not even the Legislature has the power to impair or destroy the security holder's vested right to reach it by mandamus, unless it furnishes or provides some adequate source of payment from other funds. See State, *ex rel.* Buckwalter v. City of Lakeland, 112 Fla. 200, 150 Sou. Rep. 508; State, *ex rel.* Sovereign Camp W. O. W. v. Halifax Hospital Dist., 112 Fla. 223, 150 Sou. Rep. 517. In such cases the "first come first served" rule determines priorities where mandamus is resorted to for the purpose of enforcing payment out of an existing fund in hand that is inadequate to pay all. State, *ex rel.* DuPont Ball, Inc., v. Livingston, 104 Fla. 33, 139 Sou. Rep. 360; State, *ex rel.* Suwannee River Bridge Co. v. State Board of Administration, decided at the present term.

But where bonds have been issued as general obligations, under statutes pledging an agreement on the part of the issuing municipality to exert the taxing power vested in it as a municipality, to a sufficient extent to provide payment of its debts and obligations when and as due, the writ of mandamus is capable of being employed either as a means of keeping the tax levying and collecting machinery of the municipality in motion for the purpose of discharging the municipalities' obligations when due, or for the purpose of requiring the raising by adequate levies a fund for payment. But in cases of this character, while the right to the writ as an available legal remedy is absolute, there being no other adequate remedy available, yet the issuance of a peremptory writ to compel special tax levies to provide for payment, or to pay, matured bonds is subject to certain well defined equitable considerations, and, therefore, the writ of mandamus, when so employed to compel a special tax levy to pay municipal securities, is controlled by entirely different legal principles from those which obtain with reference to its use

as a means of reaching an existing fund already raised and in hand and available to be disbursed on relator's demand. See State, *ex rel.* Gillespie v. Bay County, 112 Fla. 687, 151 Sou. Rep. 10.

While it is therefore not inappropriate, as was held in Humphreys v. State, *ex rel.* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858, to incorporate in a single writ of mandamus issued out of the circuit court, consecutive commands to do a series of acts which must be done consecutively in order to reach but a single ultimate result—payment, the rule there laid down does not hold good where payment out of a different fund from that to be raised by special tax levy is made the primary requirement of a writ of mandamus brought to reach an already existing fund, that, if sufficient to pay all that is demanded, will render further proceedings unnecessary.

If there are funds in hand which are applicable but insufficient to pay all that relator is entitled to demand, the remedy is either to seek a single writ, the application of the fund *pro tanto,* and thereafter a separate proceeding for a special levy for the balance, or to disregard the existing fund entirely, and seek in a single writ the levy of a sufficient tax which when realized, will be sufficient to provide payment of relator's demands in full. In the latter class of cases, funds already in hand may, at the discretion of the respondent obligor, be appropriated and used by the municipality to reduce the amount of special tax levy that would otherwise be required in order to meet the commands of a writ ordered to coerce an adequate levy sufficient to provide payment. See State, *ex rel.* Harris v. City of Fort Pierce, 112 Fla. 174, 149 Sou. Rep. 338.

But a single writ commanding first the payment over of all moneys actually on hand, and thereafter the levy of a

special tax to pay a balance that may or may not be left due, is too broad. This is so because the legal principles applicable to the first sort of command cannot be extended to the second, yet the peremptory writ must be enforced as a whole if ordered. For this reason an alternative writ of the last mentioned description is too broad, and should be quashed, with leave to amend by the elimination of one or the other of several commands improperly joined.

The judgment in this case is accordingly reversed and the cause remanded with directions to permit relator to amend the alternative writ and to have an appropriate peremptory writ thereon, in conformity with this opinion.

Reversed and remanded with directions.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.