CITY OF WAUCHULA, *et al.*, v. STATE, *ex rel.* FIRST SAVINGS BANK OF MORENCI, MICHIGAN.

154 So. 889.

Opinion Filed May 23, 1934.

*W. W. Whitehurst, Huffaker & Edwards, E. J. L'Engle* and *J. W. Shands,* for Plaintiffs in Error;

*C. L. Chancey,* for Defendant in Error.

DAVIS, C. J.—This was a mandamus case wherein it is made to appear on writ of error that the judgment appealed from is as follows:

"The above cause coming on this day for hearing after due notice upon the motion of the relator for a peremptory writ of mandamus herein in accordance with the commands of the alternative writ and the court having heard argument of counsel for the respective parties upon said motion, and it appearing from the return of the respondents herein:

"(a) That for the fiscal year 1931 there was levied by the City of Wauchula a tax of 27 mills on an assessed valuation of $2,453,160.00 for the purpose of paying interest upon the outstanding unpaid bonds of said city, a portion of which tax remains uncollected, and that respondents are from time to time receiving collections on said tax;

"(b) That the City of Wauchula derives, and since the service of said alternative writ has derived, a net monthly income and revenue from the operation of its water works and electric light plant;

"(c) That in violation of the rights of the relator, the respondents have appropriated and apportioned, and are appropriating and apportioning said receipts to purposes other than the payment of the bonds and interest coupons held by relator as described in said alternative writ; therefore upon consideration it is ordered and adjudged that a

peremptory writ of mandamus be, and the same is hereby issued and entered therein in accordance with the commands of the alternative writ, and the City of Wauchula, Florida, a municipal corporation, D. W. Carlton, as Mayor of said city, L. M. Carlton, L. W. Bostick, J. W. Earnest, S. F. Schwinn, Leslie Hord, W. Grady Smith, and L. A. Bryan, as and constituting the members of the City Council of said city; J. Wiley Smith, as Assessor of Taxes for said city, and J. G. Hays, as City Clerk and Tax Collector of said city, respondents in this cause, and their successors in office, be and they hereby are respectively required to do and perform their respective duties under the law to the end, that the commands of this writ, as hereinafter set forth, be complied with, that is to say:

"1. That payment be forthwith made to relator or his attorney of record herein of all moneys in hand, derived by said city from the collection of taxes heretofore levied for the purpose of paying interest or principal upon the outstanding bonded indebtedness of said city;

"2. That payment be forthwith made to said relator, or his attorney of record herein, of all sums of money now on hand derived by said city as the net receipts from the operation of its water works and electric light plant;

"3. That payment be forthwith made to the relator, or his attorney of record herein, as and when received by said city of all moneys hereafter received from the sources aforesaid, until the bonds and interest coupons held by relator as set forth in the alternative writ herein, including interest at 6% per annum upon said bonds from maturity thereof, shall be fully paid and satisfied; all such payments to be made upon the surrender by relator of the bonds and interest coupons aforesaid held by him equaling such several payments;

"4. That a tax be levied for the fiscal year 1932 upon all the taxable property of said city in an amount, when collected, sufficient to pay any of the principal or interest due the relator as aforesaid which may remain unpaid at the time when according to law, the tax aforesaid is required to be levied.

"It Is Further Ordered and Adjudged That the respondents pay the costs of this proceeding to be taxed by the clerk of this court and that they file herein their certificate of compliance with the commands of this writ when compliance therewith is made by them.

"Done this 29th day of June, A. D. 1932, at Sebring, Florida.

"W. J. Barker,

"Judge."

Both the alternative writ and the peremptory writ of mandamus are too broad and embrace in their scope, in addition to proper commands, alternative commands which are not appropriate to be included in a writ of mandamus brought by a bondholder seeking to compel the levying and paying over of a special tax to discharge his bonds. See McNally v. State, ex rel. Bond Realization Corp., 112 Fla. 434, 150 Sou. Rep. 751; State, ex rel. First State Savings Bank v. Special Road & Bridge Dist. No. 7, Hardee County, 110 Fla. 463, 153 Sou. Rep. 909. A single writ of mandamus issued by a Circuit Court may command the levy of an appropriate special tax, the impoundment of it thereafter in a special fund, and the subsequent payment of it over to a relator as the litigating bondholder, when and as the special tax is collected pursuant to the relator's peremptory writ. See Humphreys v. State, ex rel. Palm Beach Company, 108 Fla. 92, 145 Sou. Rep. 858.

The judgment is reversed on the authority of the cases just cited and the cause remanded to the Circuit Court for appropriate proceedings, with leave to amend the alterna-

30

tive writ and the peremptory writ so as to conform to the holdings of this Court in the premises.

Reversed and remanded.

WHITFIELD, TERRELL and BUFORD, J. J., concur.