CITY OF BRADENTON, *et al.*, v. STATE, *ex rel.* P. S. OLIVER.

158 So. 165.
Division A.
Opinion Filed December 11, 1934.
Petition for Rehearing Denied January 7, 1935.

*John B. Singeltary,* for Plaintiffs in Error;
*Francis C. Dart,* for Defendant in Error.

DAVIS, C. J.—An alternative writ of mandamus issued commanding the respondents, city officials of Bradenton, to pay to relator the amount of $5,000.00 due on bonds held by him. The command of the writ also embraced a requirement that "for want of sufficient funds to pay the amounts due the petitioner" that the city officials do continue to collect the uncollected taxes, delinquent and current, then due, that had been levied by the city for payment of its bonded debt, and out of the moneys so collected pay in full the claim of relator before making payment of any other claim or claims of bondholders, and also that in the event payment be not made in full by the end of the fiscal year, that the city be required to include in its budget for the fiscal year a sufficient amount to cover any deficiency.

The case was tried on certain factual issues raised by a return upon which the Court determined that there being sufficient applicable funds already on hand to pay relator's claim a peremptory writ would be issued, but limited said peremptory writ to a command for payment of fund on hand only, notwithstanding the fact that the peremptory writ did not follow the alternative writ in that form of command.

The rule is that a peremptory writ must *follow* the alternative writ. So a peremptory writ must command exactly what the alternative writ has commanded, neither more nor different, nor less than the alternative writ. Merchants' Broom Co. v. Butler, 70 Fla. 397, 70 Sou. Rep. 383; State, *ex rel.* Hutchins v. Tucker, 106 Fla. 905, 143 Sou. Rep. 754; State, *ex rel.* West v. Florida C. L. Canal Tr. Co., 73 Fla. 1006, 75 Sou. Rep. 582, L. R. A. 1917F 776; State, *ex rel.* Gillespie v. Thursby, 104 Fla. 103, 139 Sou. Rep. 372.

When the Court will not enforce the mandate of an alternative writ as it is framed, a peremptory writ should not issue thereon, since the writ must be enforced as a whole if at all. State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 Sou. Rep. 213, 13 L. R. A. (N. S.) 320, 12 Ann. Cas. 359.

In this case the alternative writ, as framed, violated the holding of this Court in the case of McNally v. State, *ex rel.* Bond Realization Corp., 112 Fla. 434, 150 Sou. Rep. 751, which was a case decided subsequent to the consideration of the present controversy in the court below. See also City of Winter Haven v. State, *ex rel.* Baynes, 114 Fla. 527, 154 Sou. Rep. 879, and City of Wauchula v. State, *ex rel.* First State Savings Bank, 115 Fla. 26, 154 Sou. Rep. 889. So there was error committed by the Circuit Court in overruling respondent's demurrer and motion to quash the alternative writ insofar as the inappropriateness of the command of such writ is concerned.

But in awarding judgment for a peremptory writ limited to a single command to pay over certain moneys on hand to the relator, the Circuit Court has reached a result that is exactly the same it would have to reach should we reverse the judgment for the error committed and thereafter remand this case to the court below with leave to amend and

have a new peremptory writ in accordance with the alternative writ as amended, as was done in the case of McNally v. State, *ex rel.* Bond Realization Corp., *supra.*

- Therefore in view of the fact that the case below was decided by the Circuit Judge before the most recent pronouncements of this Court in the above cited cases were published, we reach the conclusion that, while not approving of the practice herein followed, nor intimating any intention to condone it in future cases, the ends of justice will be fully subserved by allowing the judgment already entered to stand, but with costs to plaintiffs in error, because a reversal of it must inevitably lead to the entry of a new judgment of the same effect should the alternative writ be amended after remand of the proceedings to have the alternative writ amended to conform to the peremptory writ now outstanding. Such is precisely what happened in the McNally case, *supra,* which, on its second appearance in this Court, was affirmed. See McNally v. State, *ex rel.* Bond Realization Corp., 117 Fla. 33, 157 Sou. Rep. 430.

A municipal creditor is generally acknowledged the legal right to have unincumbered *surpluses* in the municipality's treasury after current expenses for the fiscal year are paid, applied to the satisfaction of any matured general indebtedness for the payment of which the full faith and credit of the municipality has been pledged. 19 R. C. L. 1051; Dillon on Municipal Corporation (5th Ed.) 1390; Little River Bank & Trust Co. v. Johnson, 105 Fla. 212, 141 Sou. Rep. 141. See also: Overall v. City of Madisonville, 125 Ky. 684, 102 S. W. Rep. 278; Crouch v. City of McKinney, 47 Tex. Civ. App. 54, 104 S. W. Rep. 518. The case of State, *ex rel.* Montgomery v. City of Fort Pierce 106 Fla. 845, 143 Sou. Rep. 733, did not purport to involve any effort to seize an unincumbered surplus remaining in the city's

treasury after its expenses were paid, but was an attempt to divert general operating revenues of the city to apply on the city's debt for which such operating revenues were in no wise pledged or made applicable at the time the proceeding was instituted. So that case is already distinguishable from the controversy involved here.

This Court has carefully considered all of the assignments of error argued as ground for reversal, but finds therein no just cause for setting aside the judgment below, except the error hereinbefore pointed out. That error, as we have indicated, can be cured without reversing the judgment, by allowing the judgment to be affirmed on condition that defendant in error pay the costs of the appeal which plaintiff in error would be entitled to recover should the judgment be reversed. An affirmance on such condition should accordingly be entered.

Affirmed on compliance with condition stated, otherwise reversed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.