STATE, *ex rel.* City of Bradenton, *et al.,* v. W. T. HARRISON, Judge Circuit Court of the Eighteenth Judicial Circuit, Manatee County, and P. S. OLIVER.

163 So. 848.
Opinion Filed October 2, 1935.
Rehearing Denied November 20, 1935.

*John B. Singeltary,* for Relators;
*Francis C. Dart,* for Respondents.

WHITFIELD, C. J.—In an application for a rule in Prohibition, it appears that mandamus proceedings were brought by P. S. Oliver, as relator, against the City of Bradenton, Florida, a municipal corporation, Sibley L. White, as Mayor of said City of Bradenton, Florida, Sibley L. White, as President of the City Council of said City of Bradenton, J. K. Singeltary, W. A. Logue as successor in office to Dr. H. Gates, and A. M. Sparks, as members of and as constituting the City Council of the City of Bradenton, and L. L. Hine, as City Clerk of said City of Bradenton, to enforce the payment of stated city indebtedness from funds of the city applicable to such payment.

The peremptory writ of mandamus commanded "the Respondents, Sibley L. White as Mayor of the City of Bradenton, Florida, and as President of the City Council of said City, J. K. Singeltary, Dr. H. Cates, and A. M. Sparks,

as members of and as constituting the City Council of said City of Bradenton, forthwith and without delay, to convene and pass all necessary motions and resolutions and do and perform all other necessary acts and things for authorizing and directing the payment of the principal and interest due on Relator's Bonds, * * *, That you, forthwith and without delay do authorize and direct the issuance of 'warrants that were drawn as commanded, and' that you, the Respondent L. L. Hine as City Clerk of said City of Bradenton, forthwith and without delay do issue and properly sign each of said warrants in the amounts above set forth and make the same payable to the Attorney of record for Relator herein, and that you, the Respondent, Sibley L. White as Mayor of the City of Bradenton forthwith and without delay do duly countersign each of said warrants, and that thereupon each of said warrants be delivered to the Attorney of record for said Relator upon the surrender of the said bonds just above described. * * *"

The judgment awarding the peremptory writ of mandamus was affirmed on condition that the defendant in error pay the cost of the appeal in City of Bradenton v. State, *ex rel.*, 117 Fla. 578, 158 So. 165.

Upon the filing of the mandate of the Supreme Court in the court below, the peremptory writ was amended by substituting the name, W. A. Logue, as a member of the City Council in lieu of Dr. H. Gates.

In a motion for stay of execution of the commands of the peremptory writ of mandamus, the respondents aver that the "peremptory writ * * * commands the respondent City Clerk to sign said warrants and the respondent Mayor to countersign the same; and that said warrants be delivered to the attorney of record for relator upon surrender of the bonds described in the alternative writ." And "that Section

33 of Chapter 9692 of the Special Laws of Florida for the year 1923, being the City Charter of the respondent City provides as follows: 'All warrants shall be signed by the Chairman of the Finance Committee and City Clerk, and countersigned by the Mayor * * *.' "

It is alleged that the Chairman of the Finance Committee of the respondent city is not required and commanded by the peremptory writ issued herein to sign the warrants authorized by said peremptory writ and that the said Chairman of the Finance Committee is not made a party respondent to said mandamus proceeding.

"WHEREFORE respondents move the Court for the entry of an Order directing the stay of the execution of the commands of said peremptory writ of mandamus and the suspension of all proceedings herein upon such terms as the Court may impose."

In a motion for a rule in contempt proceedings, it is alleged that: "Relator * * * made demand upon the above named Respondents for the payment of the amounts due upon Relator's bonds, and for the performance by Respondents of the acts and things commanded in said peremptory writ, and at the time of making said demand, tendered the bonds involved herein. That said respondents failed and refused to make such payment, and failed and refused to do and perform the acts and things commanded in said Peremptory Writ, and do now refuse to obey the commands of this Court.

"Relator shows to the Court that by reason of the fact that said Respondents have disobeyed the commands of this Court as set forth in said Peremptory Writ and by reason of the fact that said Respondents have refused to pay the amounts due Relators, and have refused to do and perform the acts commanded in said Peremptory Writ

that said Respondents are in contempt of this Court, and should be held and adjudged in contempt of this Court.

"WHEREFORE Relator moves the Court to issue a Rule to the above named Respondents directing and commanding them to show cause at an hour and date to be named by the Court why they should not be held and adjudged in contempt of Court."

A rule to show cause was issued and a motion to strike the motion to Stay Execution was filed.

The relator's answer to the motion to stay execution contained the following:

"That a member of the City Council of the City of Bradenton, Florida, to-wit, J. K. Singeltary, is Chairman of the Finance Committee, and that said J. K. Singeltary as a member of said City Council is a party respondent herein.

"That Section 6 of Chapter 9692, Laws of Florida, 1923, provides as follows:

"'That the government of said City shall be carried on by the following officers, to-wit: A Mayor, three (3) Councilmen, a City Clerk who shall also be Tax Assessor and Tax Collector, a Chief of Police, a Chief of Fire Department, a City Attorney, a City Physician, and a Commissioner of Public Works, and such other officers as may be provided for by Ordinances of the City, not inconsistent herewith. * * *'

"That therefore the Chairman of the Finance Committee, as such, is not an officer or official of the City of Bradenton, and by reason of such fact is not even a proper party, much less a necessary party herein, since the Writ should only run to officers or officials of the City."

A certificate of compliance was filed and was objected to as not sufficient.

The court made the following order:

"The foregoing cause coming on this day to be heard upon Motion of Relator to show cause, which said Motion was, by agreement of counsel for the respective parties, amended in accordance with a Motion of relator filed March 29th, 1935, with the understanding that the respondents be allowed to file an answer containing the allegations in substance that are contained in the certificate of compliance, filed by respondents on March 29th, 1935, and this cause also coming on to be heard upon motion of respondents to stay execution, and the Court being of the opinion that said Motion to Stay Execution is not well taken, and being of the opinion, in connection with relator's amended motion for rule to show cause, that in view of the Certificate of Compliance filed by respondents showing that a resolution was duly passed by the City Council directing the payment of the amounts due relator and directing the issuance of warrants in payment thereof, that the said respondents should therefore deliver to relator good and sufficient legal warrants in payment of relator's claims.

"It Is THEREFORE ORDERED AND ADJUDGED, That the said motion of respondents to stay execution be and the same is hereby denied, and it is further ordered and adjudged that the parties to whom the rule to show cause is addressed do forthwith and without delay deliver to relator or his attorney of record good and sufficient legal warrants in payment of the amounts due relator, or that said parties and each of them do show cause before this Court on or before 2 o'clock P. M., on Tuesday, April 2nd, 1935, at the County Court House in Bradenton, Florida, why said parties should not be held and adjudged in contempt of court."

A motion to quash the suggestion and the rule in Prohibition contains the following:

"It affirmatively appears from the Peremptory Writ referred to that the Mayor and City Council are commanded 'to convene and pass all necessary motions and resolutions and do and perform all other necessary acts and things for authorizing and directing the payment of the principal and interest due on Relator's bonds,' and are also commanded to authorize and direct the issuance of certain warrants in payment which warrants could only mean valid legal warrants properly signed, and the respondent Judge is only exercising his lawful jurisdiction in enforcing the mandate of said Peremptory Writ: * * * it affirmatively appears that the warrants alleged to have been tendered were not proper legal warrants, and, although the relators herein (respondents in mandamus proceeding) filed a purported Certificate of Compliance, it affirmatively appears that there has not been a compliance, since the resolution of the Council attached to said Certificate and made a part thereof expressly *directed the payment* of the respondent Oliver's (relator mandamus proceeding) claims and expressly *directed the issuance of warrants in payment* which warrants when directed by the City Council to be issued could only refer to valid legal warrants properly signed; * * * it affirmatively appears that the Mayor and the members of the City Council have by resolution directed the payment of the respondent Oliver's claims and directed the issuance of certain warrants in payment which could only refer to valid legal warrants properly signed, and the order of the respondent Judge which is objected to does no more than direct the Mayor and members of the Council to do what they have themselves already directed."

It appears that in the mandamus proceeding J. K. Sin-

geltary is a party respondent as a member of the City Council of the City of Bradenton and that said J. K. Singeltary ,as such member of the City Council is Chairman of the Finance Committee of the said City Council and that both the peremptory writ of mandamus and the resolution of the City Council require legal warrants to be issued to pay the indebtedness adjudged against the city. The command of the peremptory writ is ample to require the member of the City Council who is' Chairman of the Finance Committee to sign the warrants as contemplated by the charter to make the warrants effective to pay the debt.

The court so held and did not thereby exceed his jurisdiction in enforcing the peremptory writ of mandamus.

Motion to quash the suggestion and the rule in prohibition granted.

TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.