**YOUNG, Mayor, v. TAYLOR et al.**

No. 13467.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 28, 1936.

Rehearing Denied April 10, 1936.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

P. B. Cox and Thelbert Martin, both of Wichita Falls, for appellees.

DUNKLIN, Chief Justice.

This suit was instituted by John T. Young, as mayor of the city of Wichita Falls and as a taxpaying citizen, to restrain its board of aldermen and other city officers from transferring $75,000 from its water fund to its general tax fund.

According to allegations in the petition, a resolution authorizing such transfer has been passed by four of the aldermen of the city at a special meeting. It was alleged that the meeting was in violation of section 34 of the city charter, in that it was not called by the mayor or by the city clerk, upon the written request of three aldermen of the city, or by the city manager, and prior notice given thereof, and was passed upon its first reading.

According to further allegations, out of the outstanding bonded indebtedness of the city, there is at least $400,000 in default, and at least $800,000 of the outstanding bonds were issued for the purpose of constructing improvements for the water system; and there is now on hand $125,000 in the water fund which is needed to cover depreciation in the water system and cannot be lawfully diverted to the general fund.

It was further alleged that the proposed diversion of $75,000 out of that fund to the general fund is for the purpose of using the same in a manner not authorized by law. The petition was duly verified by the plaintiff.

The answer filed by the defendants to the petition included a general demurrer; also special exceptions challenging the right of plaintiff to maintain the suit both as mayor and as a taxpaying citizen; also a general denial and a special plea in abatement. The general demurrer and special exceptions were sustained, and upon plaintiff's refusal to amend, the suit was dismissed. From that order, plaintiff has prosecuted this appeal.

By different assignments of error appellant presents three contentions: First, that as a taxpaying citizen plaintiff has the right to maintain the suit; although he does not insist that he has such right in his capacity as mayor of the city; citing such authorities as South Texas Public Service Co. v. Jahn (Tex.Civ.App.) 7 S.W.(2d) 942; City of Austin v. McCall, 95 Tex. 565, 68 S.W. 791; Terrell v. Middleton, 108 Tex. 14, 191 S.W. 1138, 193 S.W. 139.

The second contention is made that the special meeting, at which the resolution in question was passed, was in violation of the provisions of section 34 of the charter of that city, in that it was not called by the mayor or by the city clerk upon the written request of three aldermen, or by the city manager, and that provision of the charter is mandatory.

The third contention presented here is that the proposed transfer of the $75,000 from the water fund to the general fund was unlawful, and did not represent profits from the operation of the water system because it is needed to meet the depreciation of that system; although no contention is made that the revenues so derived from the water system have been pledged for the payment of the water bonds.

For the purposes of this appeal, the allegations in plaintiff's petition are therefore narrowed to those involved in the three contentions above noted.

By section 67 of the city charter it is made the duty of the city manager, one month before the end of each fiscal year, to submit to the board of aldermen his budget estimate of the expenditures and revenues of all city departments, divisions, and offices for the ensuing year, with detailed estimates for the different departments, with a statement of the probable income of the city from taxes and anticipated revenues from other sources; the total amount of the outstanding city debts, with a schedule of maturities of bond issues; the amount required for interest on the city debt, for sinking funds, and for maturing serial bonds, etc.

By section 68 it is provided that upon the receipt of the budget estimate the board of aldermen shall prepare an appropriation ordinance using the manager's estimate as a basis.

Section 9 of the charter reads: "All legislative and executive powers of the city shall be vested in a Board of Aldermen and

shall be exercised in the manner provided by this Charter."

Section 70 reads: "The Board of Aldermen may transfer any part of an unencumbered balance of an appropriation to a purpose or object for which the appropriation for the current year has proved insufficient, or may authorize a transfer to be made between items appropriated to the same office, department or divisions, where not in contravention of the constitution and laws of this State, or other provisions of this Charter."

Section 129 of the charter requires account to be kept for each public utility owned and operated by the city distinct from other city accounts, and in such manner as to show the true and complete financial result of such city ownership and operation, including all assets, liabilities, revenues, and expenses, actual cost to the city of each public utility so owned and operated, together with expenses of maintenance, amount set aside for sinking fund purposes, and all operating expenses of every description. And further, the accounts must show a proper allowance for depreciation, insurance, interest on the investment, and estimates of the amount of taxes that would be chargeable against the property if privately owned.

There is no allegation in plaintiff's petition to show that the $75,000 proposed to be transferred to the general fund is encumbered by any character of lien to pay the water bonds or interest thereon, nor is there any showing that plaintiff's taxes will be increased by such a transfer.

Article 1008, Rev.Civ.Statutes of 1925, provides that: "The mayor, of his own motion, or on the application of three aldermen, may call special meetings, by notice to each member of said council, the secretary and city attorney, served personally or left at their usual place of abode."

Following is a provision of section 34 of the charter: "Special meetings may be called by the mayor and shall be called by the city clerk upon the written request of three aldermen or the City Manager."

 If the special meeting of the board had been held in strict compliance with the provisions of the statute and charter, then the right of the board to transfer the $75,000 in controversy could not be successfully challenged, in the absence of any showing that the fund was encumbered to pay water bonds. And in the absence of any showing that plaintiff's taxes will be increased by such transfer, he failed to show any right to the injunctive relief sought; it being a well-settled rule that in order to maintain such a suit, it must appear that injury will result to the complainant if the injunction sought is not granted.

If the general demurrer to plaintiff's petition was not sufficient to challenge his right to maintain the suit, the special exception, specifically raising the point, was sufficient. And for the reasons indicated, the trial court did not err in sustaining that exception and abating and dismissing the suit after plaintiff declined to amend, irrespective of the merits of other points discussed in appellant's briefs.

Judgment affirmed.

### On Motion for Rehearing.

It is insisted the conclusion we reached on original hearing, that plaintiff failed to show lawful authority to maintain this suit in that it does not appear that he will sustain any financial loss as a result of the transfer of $75,000 from the water fund to the general tax fund of the city, is in conflict with the decisions in South Texas Public Service Co. v. Jahn (Tex.Civ.App.) 7 S.W.(2d) 942, 943; City of Austin v. McCall, 95 Tex. 565, 68 S.W. 791; Terrell v. Middleton (Tex.Civ.App.) 187 S.W. 367, 368, writ of error refused in 108 Tex. 14, 191 S.W. 1138, 193 S.W. 139.

We quote the following from the syllabus of the first case cited:

"Taxpaying citizens of city held to have right to maintain suit to cancel contract between city and service company for sale of electric street lighting system, on ground that question was not submitted to electorate as required by Rev.St.1925, art. 1112."

And the following from the syllabus of City of Austin v. McCall:

"The purchase by the city of Austin of the water and light plant owned by a private corporation for $175,000, created a debt to that amount which could not be contracted without providing a sinking fund for its retirement, as required by article 11, section 5, of the Constitution, though such purchase was part of an arrangement for compromising other existing debts and judgments held by the water and light company against the city."

And the following from the syllabus of the opinion of the Court of Civil Appeals in Terrell v. Middleton, supra, in which a writ of error was denied:

1078

"A bill appropriating money to pay bills contracted by the Governor for water, fuel, lights, etc., for the Governor's mansion, containing items for food, liquors, groceries, and automobile repairs for the Governor's private use, is violative of Const. art. 3, § 50, providing that the Legislature shall have no power to authorize the giving or lending of the credit of the state for the payment of the liabilities of an individual."

As pointed out in our original opinion, the city council was authorized to make the transfer of funds complained of, and therein lies the distinction between the present suit and the cases cited. The complaint here is of the failure to take certain steps preliminary to the special meeting of the board of aldermen, at which the resolution was passed making the transfer of funds complained of, which was a question of procedure and not of primary lawful authority. The passage of the ordinance without a strict compliance with those procedural requirements, which were directory in character, could not increase plaintiff's taxes, and therefore could not have caused him injury. 30 Tex.Jur. § 92, p. 186, § 97, p. 192, § 98, p. 193, § 184, p. 335; State v. Hellman, 120 Tex. 282, 36 S.W.(2d) 1002; Crouch v. City of McKinney, 47 Tex.Civ.App. 54, 104 S.W. 518 (writ of error denied); Moon v. Thomas, Mayor (Tex.Civ.App.) 261 S.W. 476.

The motion for rehearing is overruled.