CITY OF SARASOTA, et al., v. STATE, ex rel. JOHN G. WHIT-FIELD.

169 So. 845.
Division B.
Opinion Filed October 1, 1936.

*Harrison E. Barringer,* for Plaintiff in Error;
*Paul M. Souder,* for Defendant in Error.

PER CURIAM.—The writ of error in this case brings for review judgment awarding peremptory writ of mandamus, the command of the alternative writ and of the peremptory writ being, (1) to require the payment of such money as might be on hand applicable to the payment of relator's claim to the relator to be applied on that claim; and then followed the further command:

"That in the event that the City of Sarasota, respondent herein, shall not have in its possession or subject to its order or control sufficient moneys properly applicable thereto to pay the said judgment or any part thereof that the respondents, S. B. Jennings, Milton R. Thomas, William V. Barth, George L. Thacker and Russell A. Currin, as members of and constituting the City Council of the City of Sarasota, Florida, and the successors in office of each of them be commanded to revise the budget of expenses

of the City of Sarasota for the year 1935, and for that purpose that the respondent members of said City Council do convene as the City Council of said City of Sarasota, Florida, and that the respondents, J. E. Richards, as Clerk of the City of Sarasota, Florida, attend said meeting and that the respondent, E. A. Smith, as Mayor of the City of Sarasota, be commanded to attend and preside at said meeting in his capacity as president of said City Council; and that the respondents, S. B. Jennings, Milton R. Thomas, William V. Barth, George L. Thacker and Russell A. Currin, as members of and constituting the City Council of the City of Sarasota, Florida, revise the budget of expenses of and for the respondent City of Sarasota, Florida, for the year 1935, and that said budget be so revised and adopted as to make full and adequate provision for the payment of relator's judgment amounting to $2,136.85, with interest from the date of its rendition until it is fully paid and discharged.

"(4) That the respondents, S. B. Jennings, Milton R. Thomas, William V. Barth, George L. Thacker and Russell A. Currin, members of and constituting the City Council of the City of Sarasota, and the successor or successors in office of each of them, be commanded forthwith, upon the adoption of the revised budget as ordered in the preceding paragraph, to convene and pass and adopt a suitable resolution or ordinance levying and assessing upon all the taxable property owned and situated within the boundaries of the City of Sarasota, a special tax for the year 1935, at such rate or millage, considering the probable percentage of collection of taxes, as shall produce a sum sufficient to pay and satisfy the relator's judgment together with interest, together with the costs of this proceeding; and that the respondent, E. A. Smith, as Mayor of the City of Sarasota, in his capacity as president of said City Council, and his successor in office, upon the passage of the aforesaid reso-

lution or ordinance be commanded to sign the same and that the respondents, members of the City Council of said City of Sarasota, and their respective successor or successors in office, certify the total millage so levied and assessed, including the millage for the special tax levied for the purpose of paying the relator's judgment to the respondent, J. E. Richards, as *ex officio* tax assessor of said respondent City of Sarasota, Florida."

Then follows commands framed to effectuate the collection and paying over of the proceeds of the levy referred to in the above stated paragraphs. The plaintiff in error contends that the commands of the alternative writ and the peremptory writ, which are identical, are too broad because the writ commands the paying over of funds already alleged to be in hand to apply on relator's claim, and then commands the levy of a special tax as an alternative in the event that there is not sufficient money on hand applicable with which to pay relator's claim.

The contention finds ample support in the case of McNally v. State, *ex rel.,* 112 Fla. 434, 150 Sou. 751; Treat, *et al.,* v. State, *ex rel.,* 118 Fla. 448, 159 Sou. 529; City of Winter Haven, *et al.,* v. State, *ex rel.,* 114 Fla. 527, 154 Sou. 879; City of Bradenton, *et al.,* v. State, *ex rel.,* 117 Fla. 578, 158 Sou. 165. Therefore, the judgment should be reversed and the cause remanded with directions that relators be allowed to amend the alternative writ as it should deem advisable.

So ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.