THE STATE OF IOWA *ex rel.* DOX v. THE BOARD OF EQUAL-IZATION OF JOHNSON COUNTY.

1. MANDAMUS: INFORMATION: DEMURRER. An information for a writ of *mandamus* is not a pleading to which a demurrer can be interposed. Objections to the sufficiency of the information can be presented only on the hearing.

2. PRACTICE: INFORMATION. An information for a writ of *mandamus* should not be entitled as of a cause, (following *Chance* v. *Temple, School Fund Com.,* 1 Iowa 184,) yet an error in this respect is not a matter of substance of which the defendant may take advantage.

3. INFORMATION: DEMURRER. Substantial objections to the information should be in the nature of an answer, and must be in a return to the alternative writ. This return may also be in the nature of a demurrer.

4. JURAT. The jurat at the foot of an information for a writ of *mandamus* forms a part of the information, and constitutes it an affidavit. *Chance* v. *Temple, School Fund Com.,* 1 Iowa 186, explained.

5. EXHIBITS. An information for a writ of *mandamus* is not a pleading founded on a written instrument, within the meaning of section 1750 of the Code.

6. THE WRIT. An alternative writ of *mandamus* need not conform strictly with the averments of the information. A peremptory writ must follow the alternative.

*Appeal from Scott District Court.*

TUESDAY, DECEMBER 13.

INFORMATION for a writ of *mandamus*. In the year 1853 the county of Johnson subscribed fifty thousand dollars to the capital stock of the Lyons Iowa Central Railroad Company, to assist in constructing that road, which was to run through the above county. The county issued her bonds to the above amount, they being for one thousand dollars each.

Paul B. Ring became the holder of a number of these bonds, and the county failing to pay the interest which fell due on them semi-annually, in the month of October A. D. 1857, he recovered judgment against her, as is averred, to the amount of $5451.25, with interest and costs.

The relator alleges that he has become the assignee and holder of the above named judgment, and of one of the said county bonds, and that execution had been issued upon the above judgment and had been presented for payment to the county judge, recorder and surveyor (who constituted the board of equalization,) and that a return of "no property found" had been made thereon. He charges that it become the duty of said county judge, Thomas Hughes, the treasurer and recorder, and Cyrus Sanders, the surveyor, to levy a tax of three mills on a dollar of the property valuation of the county for the year 1858, as well to pay the interest as secure the principal of the said bonds, but that they had wholly neglected and refused so to do. He then avers that ten installments of interest, of thirty-five dollars each on each of the bonds before named, remain unpaid, and that there has been no tax levied to pay the same.

The relator then prays that a writ of *mandamus* may issue to the county judge, recorder and surveyor, commanding them to levy and collect a tax of three mills on the dollar, for the year 1858, and each succeeding year, to provide for the payment of the said judgment and of the interest on said bonds, and the ultimate redemption of the principal.

The respondent demurred to this information, assigning further causes of demurrer going to the forms of the application, to the substance to the prosecutor's right to the writ, and to the ability of those sought to be made defendants to levy the tax. The demurrer was overruled, and an alternative writ was issued and the defendants not answering, a peremptory writ was issued. The defendants appeal assigning as error, first, the overruling of the demurrer and the awarding of the alternative writ; and second, the ordering of the peremptory writ.

*Templin & Fairall* for the appellant, contended that the demurrer as to the form of the application was well taken, citing *Chance* v. *Temple, School Fund Com.*, 1 Iowa 179. That the information is defective in this, that it does not show clearly a demand for the performance of the duty sought to be enforced, and a refusal of the same by the defendants, *Chance* v. *Temple, supra*; Tapp. Man. 283. That the application should show that the relator is beneficially interested in the relief sought, Code of 1851, section 1750; *The State of Iowa ex rel, Weir* v. *The County Judge of Davis County*, 2 Iowa 280. That the law provides for the payment of such demands by the scrip of the corporation, for which it does not appear that the relator has made any demand; Code of 1851, sections 1895 and 1896; *The State of Iowa ex rel, Brackett* v. *The County Judge of Floyd County*, 5 Iowa 380. That the Board of Equalization have no power to levy the tax sought to be levied under the operation of this writ; Sess. Laws 1858, p. 315, Code of 1851, section 114.

*James Grant* for the appellee reviewed the points presented and authorities cited by the counsel for the appellants. He also cited Tapp. Man. 363, 413, 414; *The Comwonwealth* v. *The Commissioners of Allegheny County*, 7 Am. Law. Reg. 92.

WOODWARD, J.—It does not appear whether the court overruled the demurrer because the causes were deemed insufficient, or because it considered that the respondents could not demur to the information. We must presume, however, that the latter was the view of the court, since such is the law.

Regarding the information and the original notice under our law as answering to the rule to show cause under the common law, yet the defendant (if one be named as such) can not demur to the information and bring the cause to this court upon such demurrer. The information is to make known to the court the ground of complaint and to ask the relief sought. It is, to *inform* the court, and the defendant can

show such against the prayer as may be shown upon hearing, but the information is not such a pleading as may be demurred to. If the writ is granted, it is not required to be conformed to the information strictly, as the peremptory is to the alternative writ, but upon the information shown the court moulds the writ (or directs it moulded) to the case, although there is a degree, of course, beyond which the writ may not depart from the information. This is apparent from the nature and office of this part of the proceeding, &c.; in respect to some of the causes of demurrer now assigned, it is apparent from the consideration that the information need not (and properly should not) be entitled as of a cause. *Chance* v. *Temple*, 1 Iowa 184-5 ; Tapp. on Mand., 282.

The substantial objections of the defendant to be made in the nature of answer or pleading must be in the return to the alternative writ, and to this there may be a return in the nature of a demurrer. Tapp. on M. 362.

But, although the parties made defendant can not thus demur to the information, yet as some of the causes assigned relate to the practice in such cases, we may notice one or two of them.

It is true that the information should properly not be entitled of any cause, since it is only laying the matter before the court to obtain its direction, and no parties are yet made; still, if it be so entitled, this is but form and not a matter of substance on which error may be assigned. *Chance* v. *Temple, ut sup*. It is presumed that the court may order others to be made parties, and that this and other particulars do not become determinately fixed until they are embodied in the writ.

At the foot of the information is a jurat which is signed and sworn to by the relator, and it is objected that the information is a pleading distinct from the affidavit. This objection has no foundation. It is made undoubtedly, in reference to the remarks in *Chance* v. *Temple*, 1 Iowa 186, upon the information. These imply no rule concerning the separation of the information from the affidavit. Besides, this

paper is .in exact conformity with section 2183, which enacts that the writ shall issue "on informations under oath." The oath is written at the foot, forms a part of the paper, and constitutes it an affidavit.

Again, the information is not "a pleading founded on a written instrument or account," within the intent of section 1750 of the Code, and therefore a copy was not required.

The other causes of demurrer can not well be noticed in the present attitude of the case.

The judgment of the District Court is affirmed.