Dane *v.* Derby.

Nathan Dane & als., *petitioners for mandamus, versus* Silas Derby & als.

In this State, if, to an alternative writ of mandamus, the respondents return a legally sufficient cause, though false in fact, the Court will decline to proceed further.

If the return be falsified in an action on the case, or by criminal information for a false return, the Court will then issue a peremptory writ.

Neither the statute of 9 Ann, c. 20,* nor any similar statute has ever been adopted in this State.

The respondent cannot demur to the petition and the writ; but, if the writ be defective or do not contain allegations of all such facts as are necessary to show that the prosecutor is legally entitled to the relief prayed for, it may be quashed on motion, or the defects may be taken advantage of in the return.

If the original return be sufficient, the filing of an additional one, in the nature of a demurrer, will not affect the sufficiency of the former.

The writ must be executed in the form in which it has been issued, or not at all.

The granting of a writ of mandamus is a matter of discretion, and not of right.

The Court will not grant a peremptory writ against municipal officers elected for one year only, ordering a new election, because of the fraudulent voting practiced at the election at which they were declared to be elected, if such officers have returned a sufficient cause to the alternative writ.

On Exceptions from *Nisi Prius*, Danforth, J., presiding.

Petition for Mandamus.

The presiding Judge overruled the demurrer and ordered the peremptory writ to issue. The writ, return and other facts sufficiently appear in the opinion.

*Drew & Hamilton*, for the respondents.

*Dane & Bourne*, for the petitioners.

The demurrer admits the facts stated in the alternative writ. The writ once issued stands by itself, independent of the other papers. The relator must set forth in the al-

---

* See opinion.

ternative writ the facts upon which he relies for relief.   Angel & Ames on Corp., (6th ed.,) § 720.

The facts stated in the writ are such by law as entitle the relators to the peremptory writ.   The facts alleged and admitted by the demurrer are sufficient to establish the proposition that the respondents were not duly elected.   As to the effect of votes illegally received, counsel cited Angel & Ames on Corp., § 136 ; as to the effect of the improper rejection of legal votes, Angel & Ames on Corp., § 138.   The writ alleged sufficient to bring this case within the authorities cited.

Mandamus is the proper remedy.   *Rex* v. *Barker*, 3 Burrows, 1267 ; *Baker* v. *Johnson*, 41 Maine, 20 ; Tapping on Mandamus, 19 ; Angel & Ames on Corp., § 700 ; *Rex* v. *St. Margaret*, 4 Maul. & Sel., 250 ; *Rex* v. *Damarest*, 5 A. & E., 584 ; Tap. on Mand., 257, 258, 308, 314, 19 ; *Rex* v. *Mayor of Cambridge*, 4 Bur., 2008 ; *Borough of Boffing*, 2 Strange, 1003.

The relators' interest is sufficient to entitle them to this remedy.   *Wellington, pet'r*, 16 Pick., 105 ; Angel & Ames on Corp., § 698.

The petitioners have no remedy under R. S., c. 3, § 4. This statute does not apply to meetings for the election of officers, but to such as relate to ordinary business.   This appears from the clause requiring the selectmen to insert the article " in the next warrant," &c.   Preceding sections provide for meetings affecting organizations of towns.

*Quo warranto* is not the remedy.   That remedy relates to persons seeking an office upon the ground that some other person had usurped the office that the relators were entitled to.   Relators here contend that the respondents were not elected, and they call for a new election, which is not within the scope of *quo warranto*.   *Strong, pet'r*, 20 Pick., 496 ; *Howard* v. *Gage*, 6 Mass., 462 ; *Woodbury, petitioner*, 40 Maine, 304.

The clerk and treasurer need not have notice.   They could not have been joined as parties.   Tapping's Mandamus, 357 ;

3 Bacon's Abr., 540–1; *Pease* v. *Mayor of Leeds*, 2 Str., 640; *Rex* v. *Mayor of Abington*, 2 Salk., 431; *Regina* v. *Mayor of Hereford*, 2 Salk., 699, 701.

The answer was waived when the demurrer was joined. If not, the return is insufficient in law, inasmuch as the respondents were estopped to set up such facts to sustain their election. The return shows they were the very board of selectmen who held the judicial session to adjudge upon the qualifications of voters at their election. They are estopped to deny their own finding in this respect. The names of these voters named in the return, — "Linscott, Conant and Smith," — as non-residents, were placed upon the lists by the respondents, and necessarily remained there when they voted. For the moderator cannot receive a vote until he has found the voter's name and marked it. R. S., c. 4, § 21. For the legal effect of the adjudication of the selectmen, *Harris* v. *Whitcomb*, 4 Gray, 433. Relators are not estopped by selectmen's finding as to the qualification of the minor's right to vote.

*I. S. Kimball*, for the respondents, in reply.

APPLETON, C. J. — It appears by the records of the town of Alfred that, at a legal meeting of its inhabitants, holden on 12th March, 1866, Silas Derby, Timothy Gary and Nathaniel H. Russell were chosen selectmen, George L. Came, town clerk, and John R. Tripp, treasurer. They severally had three votes more than the opposing candidates for the town offices to which they were respectively elected, with the exception of Silas Derby who had but two more.

The relators in their application for the writ of mandamus allege that neither the individuals above named nor any others were elected to these offices, by reason of the double voting of two persons named in said application and the wrongful voting of a minor: — that there having been no legal election, on the 31st March, they informed the respondents of these facts and requested them, "then and there being the acting selectmen of the said town of Alfred,

forthwith to issue their warrant, in due form of law, for a meeting of the inhabitants of said town qualified to vote in town affairs, to be holden in ten days from the date thereof, for the choice of town clerk, three selectmen, assessors and overseers of the poor, and a treasurer of said town;"—that the said respondents neglected and refused to issue said warrant;—wherefore they pray that a rule may issue to the said Derby, Gary and Russell, commanding them to appear at such time and place as the Court may appoint "to show cause, if any they have, why they have neglected and refused to issue their warrant for another meeting of the inhabitants of said town qualified by law to vote in town affairs, for the choice of town clerk, three selectmen, assessors and overseers of the poor and treasurer of said town; and why the election of the said George L. Came for town clerk, Silas Derby, Timothy Gary and Nathaniel H. Russell for selectmen, and John R. Tripp for town treasurer, as declared by said moderator and as recorded in said town books as aforesaid, should not be declared null and void;" and why a writ of mandamus should not issue to said Derby, Gary and Russell, "commanding them to issue another warrant in due form of law, for another meeting of the said inhabitants of said town of Alfred qualified by law to vote in town affairs, to choose a clerk, selectmen, assessors, overseers of the poor and treasurer of said town."

The rule having been served upon the respondents, they appeared at the time and place appointed and were heard, and upon and after such hearing an alternative mandamus was issued returnable at Alfred, in this county, on the fourth Tuesday of May, then next, commanding them to issue "their warrant in due form of law for a town meeting of the inhabitants of said town of Alfred, qualified by law to vote in said town, to choose a clerk, selectmen, assessors and overseers of the poor and treasurer of said town," or show cause why they do not.

On the seventh day of the term to which the writ was returnable, the respondents file their return, in which they

allege (1st,) that at a legal town meeting of the inhabitants of Alfred, holden on 12th March, 1866, they were duly elected selectmen, assessors and overseers of the poor for the political year commencing on said 12th March; — that, on the same day, they were sworn into said offices and have ever since been and now are exercising and discharging the duties of said offices.   (2,) That the persons named in said writ as having deposited two ballots at said election in their favor did not so deposit them.   Leave being granted, they filed an amendment to their return on the tenth day of the term, in which they set forth that three ballots given for the opposing candidates, received and counted by the moderator, were cast by persons not legally nor constitutionally quali- fied to vote in town affairs, and they give the names of the persons thus wrongfully voting.

This return, if true, obviously affords sufficient reasons against the issuing of a peremptory mandamus.   It was placed on file, where it still remains.   Its legal effect is to be considered.

At common law, if the defendant returns a legally suf- ficient cause, though false in fact, the Court will not try its truth, but, assuming it to be true, will decline to proceed further on the mandamus.   A return to the mandamus is not traversable.   The prosecutor is estopped by the return. The only remedy left open is an action for a false return. If the writ has not been brought in respect of private right, and the public interests are involved, the Court will grant a criminal information against all the parties who made the false return, in order that the disputed facts may be tried.   Tapping on Mandamus, 460.   If the return be falsi- fied in an action on the case, or by criminal information for a false return, the Court will then grant a peremptory man- damus.   6 Bac. Abr., Mandamus, M, 452.

The proceedings by common law being dilatory and ex- pensive, a remedy was provided specially applicable to the case of municipal officers, by stat. 9 Ann, c. 20.   By this Act the "persons prosecuting this writ may plead to or trav-

erse all or any of the material facts contained within the return, to which the persons making such return, shall reply, take issue or demur; and, if any issue shall be joined on such proceeding, the persons suing out such writ shall try the same in such place, as an issue joined in such action on the case should have been had; and, in case a verdict should be found, or judgment given for them upon demurrer, or by *nihil dicit*, or for want of a replication, or other pleading, they shall recover damage and costs, and a peremptory writ of mandamus shall be granted without delay for them for whom judgment shall be given, as might have been given if such return had been adjudged insufficient," &c.

The statute of 9 Ann does not extend to the mass of the subjects of mandamus, which remain to be disposed of according to the course of the common law. The cases, to which we have been referred, were mainly, if not entirely, within the purview of that statute.

But the statute 9 Ann, c. 20, has never been adopted in this State. *Gage* v. *Howard*, 6 Mass., 462. Nor has any statute similar in its provisions been enacted. It is, however, otherwise in several of the States. Consequently, if the return, whether true or false, is sufficient, the writ of peremptory mandamus cannot at present issue. If true, it never can. If false, it cannot until after judgment shall have been obtained in an action or information against these defendants for a false return.

It appears that after the return and the amended return had been filed, the defendants demurred to the petition for the writ of mandamus and the relators joined in the demurrer, both returns meanwhile remaining on file and constituting part of the record. The presiding Judge overruled the demurrer.

This ruling was correct. The defendants could not legally demur. "If the writ is defective either in form or in substance," observes Chancellor WALWORTH, in *Commercial Bank* v. *Canal Commissioners*, 10 Wend., 25, "the defendant may move to quash it." *The King* v. *The Bishop of Oxford*, 7 East, 345; *The People* v. *The Judges of*

*Westchester*, 4 Cow., 73. If the writ is not quashed, the defendant must make a return thereto unless he thinks proper to put an end to the controversy by doing the act required. If he makes a return, he must either deny the facts stated in the writ on which the claim of the relator is founded, or must state other facts sufficient in law to defeat the relator's claim. It seems, however, that he may take advantage of the insufficiency of the writ in his return. "As the defendant cannot demur, so he may, by his return, submit that he is not bound by law to execute it, which submission being in the nature of a demurrer, should be treated accordingly; that is, a *concilium* obtained and the point argued." Tapping on Mandamus, 362.

The return, it may be observed, like that of a sheriff or any other officer, becomes part of the record, and hence is not traversable. If short, it may be indorsed on the writ. If of any length, it may be upon a separate paper, to which the writ or a copy should be annexed.

The defendant may return as many causes as he pleases, provided they are not repugnant and inconsistent. "In order to support a return consisting of several causes, it is not necessary that every one of them should be good, provided the whole of them are neither repugnant nor inconsistent." Tapping on Mandamus, 360. If, therefore, the original return was sufficient, the filing an additional one in the nature of a demurrer would not weaken nor destroy the sufficiency of the returns on file and constituting a part of the record.

The rules of pleading are applicable to the writ of mandamus. "The writ should contain allegations of all such facts as are necessary to show that the prosecutor is legally entitled to the relief he prays, otherwise it is liable to be quashed." Tapping on Mandamus, 320. "Therefore, when a mandamus is awarded for purposes partly legal and partly not, as when a writ exceeds an obligation imposed on the defendant by an Act of parliament, &c., the Court will not in part enforce it by a peremptory writ limiting its effect,

but will quash it, for, although the Court will, for the purposes of justice, mould the rule for the writ, yet it cannot mould the writ itself; also, the writ must be executed in the form in which it has issued or not at all." Ib., 327.

The defendants are commanded to issue a warrant for a meeting of the inhabitants of Alfred, to choose a *clerk,* selectmen, assessors and overseers of the poor, and *treasurer* of said town.

But no notice has been given the clerk and the treasurer of the pendency of this process. They are officers *de facto.* They are officers according to the records of the town, duly chosen at a legal meeting. Their election has never been adjudged to be null and void, and it cannot, without a manifest disregard of the first principles of justice, be so adjudged, without notice to them and an opportunity on their part to show cause why there should be no such adjudication. *Strong, pet'r,* 20 Pick., 484.

It does not appear who were chosen assessors and overseers of the poor. Whoever they may be, no notice has been given them. There is no allegation of any vacancy in those offices, nor, if there was any election of individuals to fill them, of fraud or illegality in such election. In short, no reason whatever is given for ordering an election of persons to fill those offices. There is, then, nothing in the writ to justify or authorize the mandatory clause to its full extent, and we have seen that the writ must be executed in the form in which it has issued or not at all.

The most important duties of these defendants as selectmen have probably been performed by them; the taxes have been assessed, and the list of voters for the fall elections prepared. They are officers *de facto* and clothed with apparent right. Their acts in the past would be binding. A peremptory mandamus cannot issue until after judgment against them for a false return. But before that time, their official existence will have terminated. The granting of a writ of mandamus is matter of discretion and not of right. *Woodman* v. *County Com'rs,* 24 Maine, 151.

If there has been double voting or those not qualified by law have voted, the statutes of the State afford ample provisions for their punishment. Under such circumstances it would seem to be a proper and more fit exercise of discretion to deny rather than to grant the writ.

In *Com.* v. *Athearn*, 3 Mass., 285, the Court refused to grant an information in the nature of a *quo warranto* against a town officer who is elected for one year, PARSONS, C. J., remarking that, to do so, "would not be a decent and proper exercise of their authority." In *Gage* v. *Howard*, 6 Mass., 463, each party claimed to be elected as county treasurer. The plaintiff moved for a rule on the defendant to show cause why a mandamus should not go to admit him to the office of county treasurer, he having been duly elected. "The Court," observes PARSONS, C. J., "could not grant a peremptory mandamus until the return was falsified. And, if it might be granted after the return was falsified by verdict, in an action by Howard against the justices, yet such verdict could not in some counties, and probably would not in any county, be found until after the expiration of the year, for which the party complaining was chosen."

In New York, and for the same reason, the Court declined as matter of discretion to allow the attorney general to file an information in the nature of a *quo warranto*, against an officer holding by annual election. *The People* v. *Sweating*, 2 Johns., 184. So in this State, in *Woodbury* v. *Co. Com'rs*, 40 Maine, 315, it was held that the granting the writ of mandamus was matter of judicial discretion, and that it would not be granted, when, if granted, it would be unavailing, as in case of annual officers.

It becomes unnecessary to consider or determine the various other questions, which the learned counsel for the parties to this litigation have so ably and elaborately discussed.  *Peremptory mandamus denied.*

WALTON, DICKERSON and DANFORTH, JJ., concurred.
CUTTING and TAPLEY, JJ., concurred in the result.