CITY OF BRADENTON, *et al.,* v. STATE, *ex rel.* JAMES A. PERRY.

160 So. 506.
Opinion Filed March 21, 1935.
Rehearing Denied April 10, 1935.

*John B. Singeltary,* and *Samuel Kirk,* for Plaintiffs in Error;

*Hill & Hill,* for Defendant in Error.

DAVIS, J.—A peremptory writ of mandamus awarded the relator bondholder in this case required the respondents, Mayor and members of the City Council of the City of Bradenton, to forthwith and without delay, convene and pass all necessary motions and resolutions, and to do and, perform all other necessary acts and things for authorizing and directing the payment of certain matured principal and interest due and unpaid on the city's bonds and coupons set forth and described in detail in the peremptory writ. The peremptory writ further commanded the respondents, without delay, to authorize and direct the issuance of three cer-

tain particularly described warrants against certain particularly described city funds which the court had, after a trial, adjudged and determined to be surplus funds of the city that had not been otherwise "used, appropriated, allocated or pledged" either at the time of the service of the alternative writ, or at the end of the fiscal year of June 30, 1933, or at the time of the taking of testimony in the case, for any other municipal purpose. The peremptory writ also contained a direction to the City Clerk and to the Mayor, both named as respondents in the proceeding, to forthwith sign and countersign each of the aforementioned warrants, which warrants were further ordered to be delivered upon the surrender to the city of the bonds and coupons sued upon. The case is beside us on a writ of error to the final judgment awarding the peremptory writ.

A mandamus proceeding is a proceeding at law and the pleadings therein are subject to appropriate amendment in the interest of the administration of justice, whenever application therefor is timely made and the amendment proposed appears to be appropriate or necessary under the rules relating to the amendment of pleadings in other proceedings at law. See Section 4295 C. G. L., 2629 R. G. S., and cases cited thereunder. Kentucky v. Dennison, 24 How. 66, 16 L. Ed. 717; Hartman v. Greenhow, 102 U. S. 672, 26 L. Ed. 271; Moody v. Fleming, 4 Ga. 115, 48 Am. Dec. 210; Bear v. Board of Comm'rs of Brunswick County, 124 N. C. 204, 32 S. E. Rep. 558, 70 A. S. R. 586.

Mandamus anciently was a high prerogative writ, and it still preserves its character as such when not used for the redress of private wrongs but only in matters relating to the public. State, *ex rel.* Moyer v. Baldwin, 77 Ohio St. 532, 83 N. E. Rep. 907, 12 Ann. Cas. 10, 19 L. R. A. (N. S.) 49. When authorized to be used for the redress of private

wrongs a proceeding in mandamus is in all essential particulars a civil action at law. People v. Western Life Indemnity Co., 261, Ill. 513, 104 N. E. Rep. 219, Ann. Cas. 1915-A 266.

The petition or information in mandamus is, in law, a mere memorandum in the nature of an affidavit supplying the materials for the recitals of fact in the alternative writ— the function of the petition being to make known to the court the ground of complaint and the facts alleged in support of the relief sought. The petition is no part of the pleading in the cause and becomes *functus officio* as soon as an alternative writ is issued on it. So the alternative writ of mandamus is in all respects the plaintiff's (relator's) declaration in the case and is subject to the same rules as to amendment and the like as are applicable to declarations in ordinary legal proceedings. State, *ex rel.* Davidson v. Couch, 116 Fla. 120, 156 Sou. Rep. 297.

The mandate of an alternative writ of mandamus is peculiarly within the control of the court, and the court may fashion it to suit the case made in the petition. The alternative writ is therefore not required to be strictly conformed to the petition, as is the peremptory writ to the alternative writ, but on the information disclosed by the petition the Court may mould the alternative writ or direct it to be moulded to the case presented. State v. White Oak R. Co., 65 W. Va. 15, 64 S. E. Rep. 630, 28 L. R. A. (N. S.) 1013; State, *ex rel.* Dox v. Board of Equalization of Johnston County, 10 Ia. 157, 74 Am. Dec. 381.

At common law no trial of issues was had in mandamus cases, the return being taken as conclusive. The modern rule is to the effect that when an issue is found on matters contained in a return to an alternative writ of mandamus,

it is tried in the ordinary way by the Court, and in this state, by the Court without the intervention of a jury.

On the completion of the hearing of an application for a peremptory writ of mandamus the usual procedure is for the court to enter its formal judgment awarding or denying the peremptory writ. Such final judgment is usually separate and distinct from the peremptory writ itself, because the peremptory writ is supposed to issue as a consequence of the judgment awarding it. Such peremptory writ of mandamus must conform strictly to the alternative writ, and between the two there must be no variation. City of Bradenton v. State, *ex rel.* Oliver, 117 Fla. 578, 158 Sou. Rep. 165. See also: Dane v. Derby, 54 Me. 95, 89 Am. Dec. 722; State *ex rel.* Dox v. Board of Equalization of Johnson County, 10 Ia. 157, 74 Am. Dec. 381.*

It was therefore to promote the practical administration of justice in mandamus cases that the courts have long departed from their former strict adherence to the old common law rule that an alternative writ of mandamus cannot be altered. Accordingly the American Courts have adopted and pursued the modern practice of permitting amendments to alternative writs, sometimes even after final judgment has been entered in the case, in order to bring about that required conformity which is indispensable between the alternative and peremptory writ of mandamus. Thus, where the substantive matters of an alternative writ of mandamus

---

*The reason for this rule is that a mandamus proceeding cannot be used as a "dragnet." The party seeking relief should specify just what he wants required to be done, nothing more or less, as it would be full of practical inconveniences after a judgment awarding a peremptory writ if the court had to determine under what circumstances such a writ could be enforced as a divisible one. State v. Gibbs, 13 Fla. 55, 7 Am. Rep. 233; Dane v. Derby, *supra.*

have been ·found to justify a part, but not all, that is commanded by such alternative writ as issued and replied to, the court may, on the hearing, permit the alternative writ to be so amended as to make it conform to the mandate of the peremptory writ that it has found proper to be awarded, and that appropriately may be commanded thereby. State v. Gibbs, 13 Fla. 55, 7 Am. Rep. 233.

In the present case the Circuit Judge, after hearing and considering the present controversy on its merits, determined that the substantive allegations of the alternative writ entitled the relator to at least a portion of the relief sought, as was subsequently specified in the Court' s judgment awarding a peremptory writ to the effect hereinbefore recited. In that conclusion we have found no error, and therefore approve it as correct.

But the peremptory writ so awarded was such a complete departure from the terms of the commands of the alternative writ in the premises that we think the rule laid down in McNally v. State, *ex rel*. Bond Realization Corp., 112 Fla. 434, 150 Sou. Rep. 751, should be applied and the judgment reversed for an appropriate amendment of the alternative writ (which is the plaintiff's declaration and the foundation for the relief he has succeeded in having awarded) and for further proceedings not inconsistent with this opinion. See McNally v. State, *ex rel*. Bond Realization Corp., 117 Fla. 33, 157 Sou. Rep. 403 (second appeal).

In the foregoing opinion the Court has been at some pains to outline the proper course of procedure in mandamus cases such as the one now before the Court, because of the large number of appeals in mandamus cases that have recently appeared in this Court as to which the controversies involved have been largely, if not entirely, concerning ques-

tions of practice and procedure rather than propositions of substantive law.

The judgment is reversed and the cause remanded for appropriate proceedings not inconsistent with this opinion.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—I concur in the holding that the peremptory writ is a departure from the alternative writ, but as I see it, the demurrer and motion to quash, addressed to the alternative writ were well taken and should have been sustained. I am also of the opinion that the court below erred in granting the motion to strike the amended return of the respondent.