CITY OF SARASOTA, *et al.,* v. STATE, *ex rel.* R. W. EVANS

168 So. 417.
Division A.
No. 1981.
Opinion Filed July 16, 1936.

*Harrison E. Barringer,* for Plaintiffs in Error;
*Evans & Glenn,* for Defendant in Error.

DAVIS, J.—R. W. Evans brought mandamus against the City of Sarasota to require the respondent to amend its budget for the fiscal year beginning November 1, 1934, so as to provide in said budget a sum sufficient to pay relator the amount due him on certain of the city's bonds of which relator was the holder and to levy a special tax therefor.

The Court, after considering a motion for a peremptory writ, ordered that the peremptory writ issue on condition that an amendment be made to the alternative writ to make it conform to the respondent's fiscal year beginning No-

vember 1, 1935, it appearing that it would cause confusion and disorder at the time the case was finally disposed of in relator's favor, to issue a peremptory writ applicable to the fiscal year beginning November 1, 1934, as commanded in the alternative writ as it originally stood in the case. This was proper practice in such a situation. City of Bradenton v. State, ex·rel. Perry, 118 Fla. 838, 160 Sou. Rep. 506.

The amendment to the alternative writ was made to avoid the defense of "confusion and disorder" set up in the answer to the writ as it stood applicable to the year 1934 for which it was not convenient to amend the city's budget at the time the application for peremptory writ was made. The amendment to the alternative writ was altogether a matter of form only and if error was committed in allowing it without notice to the respondent, the judgment will not be reversed for such purely technical error where it is apparent that the same judgment must inevitably be re-entered in the cause even if notice is now required to be given of the amendment to the alternative writ required of relator to meet the views of the Circuit Judge in awarding him a peremptory writ in the cause before the Court.

No application was made to the Court below to set aside the award of a peremptory writ after the amendment to the alternative writ, in order to let in some new matter of defense applicable to the amended alternative writ as distinguished from the original writ. So it clearly appears that the error, if any, in going forward with the amended proceedings was entirely harmless under the circumstances. This being so, the judgment ought not to be reversed, inasmuch as no other error is assigned or argued in the present writ of error.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.