Board of Public Instruction, Lake County, D. M. Moore, as Superintendent of Public Instruction of Lake County, *et al.*, v. State, *ex rel.* The Florida National Bank of Jacksonville.

172 So. 859.

Division A.

Order Entered February 26, 1937.

*Duncan, Hamlin & Duncan,* and *John S. Lavin,* for Plaintiff in Error;

*Giles J. Patterson,* for Defendant in Error.

Per Curiam.—This case is before us on application to reinstate supersedeas which was heretofore vacated.

The writ of error brings for review judgment awarding peremptory writ of mandamus requiring the respondents to pay the obligations described in paragraphs 2, 3, 4, 5 and 6

of the alternative writ of mandamus and the costs of this suit. The aggregate amount required to be paid is $2,062.50, plus the costs.

Section 2911 R. G. S., 4621 C. G. L., provides, in part, as follows:

"As of course.—Every writ of error shall operate as a supersedeas if sued out during the session of court at which the judgment was rendered, or within thirty days thereafter, if, within said time, the plaintiff in error, if he be the plaintiff in the court below, shall have paid all costs which may have accrued in and about said suit up to the time when the writ shall be issued, and shall have filed a bond payable to the defendant, with two good and sufficient obligors, to be approved by the judge or clerk of the court below, in a sum sufficient to cover all costs which may accrue in the prosecution of the writ, conditioned to pay the said costs if the judgment of the court below shall be affirmed; or if he be a party in the court below against whom a judgment has been given, shall have filed a bond payable to the adverse party with like obligors and approved in like manner as the bond hereinbefore required of the plaintiff, and if the judgment be a money judgment, in a sum sufficient to cover the amount for which the judgment was given together with costs, conditioned to pay the amount of the judgment with interest and costs, if the same shall be affirmed by the appellate court, but if the judgment is in whole or in part other than a money judgment, the amount and condition of the bond shall be determined by the court below."

A mandamus proceeding is a civil action at law when used to redress private wrongs. Bradenton v. State, 118 Fla. 838, 160 Sou. 59; State v. Lakeland, 112 Fla. 200, 150 Sou. 508, 90 A. L. R. 704, and cases there cited.

When the peremptory writ of mandamus commands the

payment of a specific sum of money by the respondents to the relator it is a money judgment and supersedeas as to that judgment is controlled by the section of the statute above quoted.

In the instant case the bond given was in the sum of $500.00 and, therefore, was not sufficient to meet the requirements of the statute. For that reason, the supersedeas attempted to be effectuated by the filing of such bond was vacated on application made to this Court and, upon consideration of the matter on what we have construed to be motion to reinstate supersedeas, we find that the supersedeas bond given was not sufficient to comply with the statute and, therefore, we must decline to reinstate the supersedeas.

So ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and Davis, J. J., concur.