BAKER, JOSEPH P., Associate Judge.
Appellant is the mayor of Lauderhill. On May 28, 1977, he fired appellee, who had been his secretary. Ms. Lewis appealed the termination of her employment to Lauder-hill’s civil service board. That board held a hearing, in which the Mayor participated, after which it directed Mr. Mayor to reinstate Ms. Lewis as his secretary.[1] Mayor Cipolloni refused to rehire Ms. Lewis regardless of what the civil service board had decided on the grounds that he believed she was not covered by the civil service ordinance of that city, an argument the civil service board had rejected. In order to get her job back Ms. Lewis petitioned for an alternative writ of mandamus from the circuit court. The writ was issued commanding Mayor Cipolloni either “to perform his public duty by complying with the order of the Civil Service Board and . . . reinstate [Ms. Lewis] as secretary to the May- or,” or he was to show cause why he had not done so.
In the circuit court the Mayor attempted to show cause for his refusal to follow the civil service board’s decision, but the circuit judge directed a verdict against him and issued a peremptory writ. It is the mandate directed to the Mayor in the peremptory writ that gave rise to this appeal because it commanded him to reinstate Ms. Lewis “as a secretary employed by the City of Lauderhill, Florida, at a wage equivalent to that which she had at the time of her discharge, but not as secretary to the May- or.” The last phrase has been emphasized because it varies significantly from what the Mayor had been commanded to do in the mandatory part of the alternative writ.
*631 Noting the difference between the commands of the earlier and the later writs, Mayor Cipolloni moved to amend the peremptory writ to conform to the mandatory provisions of the alternative writ. He argued to the trial judge that there was no way he had authority to comply with the peremptory writ because under the hiring procedure of the city’s civil service ordinance he had hiring authority of no one other than his own secretary. As a countermeasure Ms. Lewis moved to amend the alternative writ to conform to the peremptory writ. She pointed out that under the civil service ordinance the Mayor had authority to give priority to some persons for rehiring by the city. Besides that, she argued, the Mayor could appoint her as secretary to his administrative assistant, for, in effect, “Who is to complain?” It was Ms. Lewis who prevailed on the motions. The alternative writ was amended such that the mandatory language conformed to the peremptory writ, rather than vice versa.
It has been said that the time once was when courts were fastidious about procedure where writs of mandamus were involved, and no discrepancy was allowed between the alternative and peremptory writs. J. Carson, Florida Common Law Pleading and Practice 304 (rev. ed. 1940). However, amending the mandatory language of the alternative writ came into common practice quite some time ago if it turned out that the peremptory writ mandated a part (but not all) of the mandatory alternative stated in the initial writ. City of Bradenton v. State, 118 Fla. 838, 160 So. 506 (1935). What the circuit judge ordered in this dispute between Mayor Cipolloni and his secretary is an appealing compromise. However, by commanding the mayor to hire Ms. Lewis as somebody else’s secretary, the peremptory writ was a departure from the ruling of the civil service board which was the basis of the mandatory provisions of the alternative writ, and that departure was error.
It is not uncommon for mandamus to be used as the legal remedy by an ousted employee of a public body against its officials to obtain reinstatement to his former job. See, e. g., North Miami Beach Water Board v. Gollin, 171 So.2d 584 (Fla. 3d DCA 1965). De Groot v. Sheffield, 95 So.2d 912 (Fla.1957) is especially apposite because in that case the employee used mandamus as the remedy after a civil service board had ordered the employee’s reinstatement, but public officials had refused to reinstate the petitioner.
The problem in the case under review is not that mandamus is the wrong remedy. The problem is that the alternative writ obtained by Ms. Lewis prescribed the maximum relief Ms. Lewis was entitled to, for under these circumstances the order of the civil service board defined the outer limits of her right to reinstatement. This outer limit was exceeded in the peremptory writ. The discrepancy between the mandatory terms of the alternative writ and the mandate of the peremptory writ is no mere formality of pleading. A court could order Mayor Cipolloni to reinstate an employee whom he had power to reinstate within the findings and rulings of Lauderhill’s civil service board. When the peremptory writ commanded the Mayor to do something else, something not within the directive of the civil service board, and something beyond the Mayor’s official power, the peremptory mandate went beyond the power of a circuit court to command a public official to perform an official act.
When a peremptory writ commands performance by respondent of an act outside of the scope of the mandatory provisions of the alternative writ, such as was done in this case, it would be error as a matter of procedure. There would be prejudice to the respondent from his defending himself against being ordered to do one thing only to be ordered to do something else. But we are not deciding this case on the procedure alone. In this case there is a more fundamental error of the peremptory writ in that it exceeds the right of Ms. Lewis, not merely her pleadings. Writs of mandamus are limited to commanding performance of ministerial acts. City of Miami Beach v. Mr. Samuel’s Inc., 351 So.2d 719 (Fla.1977). What Mayor Cipolloni was *632 commanded to do in the peremptory writ was something entirely different from what the Lauderhill civil service board had determined Ms. Lewis was entitled to. Assuming (without deciding) that the Mayor had authority to give Ms. Lewis preference for employment with the city in positions other than her former job, in giving such preferences the Mayor would be required to exercise the discretion of his office. The may- or’s discretion in granting such preferences had not been taken away by ordinance of the city or by a civil service board ruling, and, therefore, his discretion could not be usurped by a court through a writ of mandamus. City of Miami v. Rezeau, 129 So.2d 432 (Fla. 3d DCA 1961).
The final judgment and peremptory writ of mandamus are reversed and remanded to the trial court for further proceedings consistent with this opinion. Likewise the order amending the alternative writ of mandamus is reversed with the same directions.
By stipulation of the parties and order of this court jurisdiction was granted to the circuit court to determine if attorney fees were due Ms. Lewis under the Lauderhill civil service ordinance for court proceedings. The record does not reflect any ruling on this issue. A motion for attorney fees was filed in this appellate proceeding, but it was not argued. Jurisdiction remains in the circuit court to determine if the Lauderhill civil service ordinance contemplates payment of attorneys fees and other costs to an employee who succeeds in being reinstated to his job with the city for proceedings subsequent to the civil service board hearing. Since this court has not heard argument on the issue and has relinquished jurisdiction to decide it, the question of attorney fees due Ms. Lewis must be left with the circuit judge for a ruling in connection with other proceedings conducted on remand of this case. Fla.R.App.P. 9.400(b).
REVERSED AND REMANDED.
CROSS, SPENCER C., Associate Judge, concurs.
ANSTEAD, J., concurs specially with opinion.

. The correctness of the rulings of the civil service board that the position of mayor’s secretary in Lauderhill was one covered by the civil service ordinance of that city and that Ms. Lewis was entitled to be reinstated as the May- or’s secretary, as well as entitled to receive back pay, restored seniority rights and attorney fees, are not before us to be reviewed. De Groot v. Sheffield, 95 So.2d 912 (Fla.1957).