Chief Sid Klein Clearwater Police Department 644 Pierce Street Clearwater, Florida 34616-5495
Dear Mr. Klein:
You have asked for my opinion on the following question:
After a local law enforcement agency receives information pursuant to s. 944.606, F.S. (1992 Supp.), on a convicted sex offender relating to his or her proposed release, is the law enforcement agency authorized to disclose that information to other public agencies or private groups or individuals when reasonable grounds exist to believe that the public safety is at risk?
In sum:
Information which has been received by a local law enforcement agency pursuant to s. 944.606, F.S. (1992 Supp.), which relates to convicted sex offenders who are due to be released, is a public record subject to inspection and copying pursuant to s. 119.07(1), F.S., and may be released by a local law enforcement agency when reasonable grounds exist to believe that the public safety is at risk. The Legislature expressed its reasons for adopting s.944.606, F.S. (1992 Supp.)[1], in the following terms:
The Legislature finds that sex offenders pose a high risk of engaging in sex offenses even after being released from incarceration or commitment and that protection of the public from sex offenders is a paramount governmental interest. Persons found to have committed a sex offense described in subsection (2) have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Release of information about sexual offenders described in subsection (2) [of s. 944.606, F.S. (1992 Supp.)] to public agencies will further the governmental interests of public safety. Thus, in the interests of public safety, the Legislature has authorized the release of certain information on sex offenders to specified entities. Subsection (2)(a) of the statute provides that:
The [Department of Corrections], the Parole Commission, and the Control Release Authority shall submit the information about any sex offender as provided by this section to the sheriff of the county from which the person was sentenced, to the sheriff of the county in which the person plans to reside and, if applicable, to the chief of police of the municipality in which the inmate plans to reside. The information shall be submitted for any sex offender who is being released after having served one or more sentences for a felony conviction of chapter 794, s. 800.04, s. 827.071, or s. 847.0145, or a prior conviction for a similar offense in this state or another jurisdiction if such prior conviction information is contained in department records.
The statute is specific with regard to what information is to be released. Pursuant to s. 944.606(2)(b), F.S. (1992 Supp.):
The information shall include, but not be limited to:
the offender's name, social security number, race, sex, date of birth, height, weight, and hair and eye color; date and county of sentence and each crime for which the offender was sentenced; a copy of the offender's fingerprints and a photograph taken within 90 days of release; and the offender's intended residence address, if known. The [Department of Corrections], the Parole Commission, or the Control Release Authority shall release this information within 6 months prior to the discharge from the custody of the department.
Thus, by the clear terms of the statute, the Department of Corrections, the Parole Commission, and the Control Release Authority are authorized to release information on sex offenders to local governmental agencies.[2] Nothing in the statute relates to the release of these records by local governmental agencies once they have come into their possession. However, this office has recognized that the exempt status of a record in the possession of a records custodian does not continue, in the absence of a statutory exemption, when the record is transferred to another public agency.[3] Thus, unless the Legislature has expressly provided that such records retain their exempt status when transferred to another agency, the record becomes subject to disclosure upon receipt by the receiving agency.[4] While s.944.606, F.S. (1992 Supp.), does not specifically address the release of this information by local governmental agencies, this information would appear to be, by definition, a public record, subject to inspection and copying pursuant to s. 119.07(1), F.S. Section 119.011(1), F.S., defines "public records" to include all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
The Supreme Court has interpreted this definition to encompass all materials made or received by an agency in connection with official business which are used to perpetuate, communicate or formalize knowledge.[5] All such materials, regardless of whether they are in final form, are open for public inspection unless the Legislature has exempted them from disclosure.[6] The release information regarding sex offenders which is sent to local governmental agencies pursuant to s. 944.606, F.S. (1992 Supp.), is sent to and received by such agencies "in connection with the transaction of official business[.]" Further, no confidentiality requirement is imposed on such information.[7] Thus, sex offender records made available to local governmental agencies pursuant to s. 944.606, F.S. (1992 Supp.), are public records open to inspection and copying by the public.[8] It also appears that the privacy interest of the individual subjects of these records is a reduced one. As noted above, s. 944.606(1), F.S., provides that "[p]ersons found to have committed a sex offense described in subsection (2) have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government."
Further, while the Florida Constitution recognizes a right of privacy for Florida citizens in Art. I, s. 23, State Const., it also states that "[t]his section shall not be construed to limit the public's right of access to public records and meetings as provided by law."[9] Finally, Florida courts have determined that no federal or state right of privacy prevents access to public records.[10] Therefore, as these are public records within the scope of s. 119.07(1), F.S., it is my opinion that a local law enforcement agency which has received release information pursuant to s. 944.606, F.S. (1992 Supp.), on a sex offender may disclose that information to other public agencies or to private groups or individuals based on a reasonable belief that the public safety is at risk.
Sincerely,
Robert A. Butterworth Attorney General
RAB/trh
[1] This section was created by s. 3, Ch. 92-76, Laws of Florida.
[2] See, Carson v. Miller, 370 So.2d 10 (Fla. 1979), and Phil's Yellow Taxi Co., v. Carter, 134 So.2d 230 (Fla. 1961), for the proposition that the plain language of a statute must be read to mean what it says.
[3] See, AGO's 89-12 and 85-62.
[4] Cf., s. 501.2065, F.S., providing that criminal intelligence or investigative information which is exempt from public inspection and which is made available to the Department of Legal Affairs on a confidential basis in the course of an investigation under Part II of Ch. 501 shall retain its exempt status.
[5] See, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980).
[6] See, Wait v. Florida Power Light Company, 372 So.2d 420
(Fla. 1979).
[7] Compare, s. 39.058(4)(j), F.S., which provides that "[a]ny law enforcement agency, designated treatment facility, governmental or community agency, or other entity that receives information pursuant to this section shall maintain such information as a nonpublic record as otherwise provided herein[,]" with regard to information and records on serious or habitual juvenile offenders; with s. 944.606, F.S. (1992 Supp.), which does not make sex offender records which have been provided to local governmental agencies pursuant to that section either nonpublic or confidential in the possession of such local agencies.
[8] However, despite the public nature of these offender records, you should be aware that possible civil liability exists for the abusive or malicious release of public records. In the case of Williams v. City of Minneola, 575 So.2d 683 (5 D.C.A. Fla., 1991), rev. denied, 589 So.2d 289 (Fla. 1991), the court stated that: [N]either the Public Records Act nor the Florida Constitution grants a custodian protection against tort liability resulting from that person's intentionally communicating public records or their contents to someone outside the agency which is responsible for the records unless (1) the person inspecting the records has made a bona fide request to inspect them, in accordance with the Public Records Act, or (2) it is necessary to the agency's transaction of its official business to reveal the records to a person who has not requested to see them. (Id., at 687). As the court cautioned in that case, "[t]here is no law against gratuitously releasing public records, but neither will the law protect from civil liability custodians of public records who unnecessarily and perhaps abusively or maliciously reveal such records to persons outside the agency which controls the records." (Ibid).
[9] And see, s. 24, Art. I, State Const., effective July 1, 1993, which provides that the only exceptions to the right of access established under that section are for those records "specifically made confidential by this Constitution" and those records exempted by law or court rule in accordance with s. 24 or (d).
[10] See, e.g., Michel v. Douglas, 464 So.2d 545 (Fla. 1985) (no federal or state right of privacy prevents access to public records); Forsberg v. Housing Authority of Miami Beach,455 So.2d 373 (Fla. 1984); Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980) (no federal or state disclosural right of privacy prevents a member of the public from seeing public records); Mills v. Doyle, 407 So.2d 348 (4 D.C.A. Fla., 1981).