Mr. Dennis E. Lyles Fort Lauderdale City Attorney 100 North Andrews Avenue Fort Lauderdale, Florida 33301
Dear Mr. Lyles:
On behalf of the City of Fort Lauderdale, you ask substantially the following questions:
1. May a city agree through collective bargaining to remove counseling slips and written reprimands from an employee's personnel file and maintain such documents in a separate file pertaining to discipline?
2. May a settlement agreement in an employee grievance proceeding involving disciplinary actions provide that references to the initial proposed discipline be removed from the employee's personnel file, placed in a separate file and replaced with documents reflecting the disciplinary penalty in the settlement agreement?
In sum:
1. Absent a statutory exemption for such records, a city may not agree to remove counseling slips and written reprimands from an employee's personnel file and maintain such documents in a separate disciplinary file.
2. Absent statutory authority, a city may not agree through collective bargaining to remove references to the initial proposed disciplinary action in an employee's personnel file when a settlement agreement results in a reduced disciplinary action.
You state that the City of Fort Lauderdale has entered into a collective bargaining agreement that requires the city to request an opinion of this office on the above questions. While you have presented two questions, both involve the ability of the city to remove certain documents from an employee's personnel file and to maintain such documents in separate files. The following discussion, therefore, will address both questions.
For purposes of this opinion, I will assume that the maintenance of the separate files would be for the purpose of removing such documents from public access. Additionally, your reference to "counselling slips" will be assumed to mean a form of written direction to an employee as to job performance and not a document related to psychological or medical evaluation.
The general rule regarding personnel records of public employees is the same as for other public records. That is, unless the Legislature has expressly exempted an agency's personnel records from disclosure or authorized an agency or public entity to limit access to such records, personnel records of public employees are subject to public inspection under section 119.07(1), Florida Statutes.[1] Moreover, a public agency may not remove or delete material or information from a public record in the absence of express statutory authorization.[2] As this office determined in Attorney General Opinion 73-51, an agency is not authorized to maintain its personnel records of its employees under two headings, one open and one confidential, absent statutory authorization.
Section 119.07(1)(a), Florida Statutes, in pertinent part, provides:
Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee.
The term "[p]ublic records" encompasses "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[3] This office has consistently found that employee personnel records are public records within the meaning of Chapter 119, Florida Statutes.[4]
Relative to personnel records, this office has concluded that a public body and a private group cannot by agreement adopt or make an exemption from Chapter 119, Florida Statute.[5] This conclusion was supported in Mills v. Doyle,[6] wherein the Fourth District Court of Appeal found that grievance records of teachers employed by a county school board were public records subject to disclosure, even though the collective bargaining contract between the teachers' association and the school board classified such records as confidential. As the court stated, "[T]o allow the elimination of public records from the mandate of Chapter 119 by private contract would sound the death knell of the Act."[7]
Additionally, the judiciary has refused to deny access to personnel records of public employees based on claims that the release of such information may prove embarrassing or unpleasant for the employee. As noted by the Supreme Court of Florida in News-Press Publishing Company v. Wisher:[8]
No policy of the state protects a public employee from the embarrassment which results from his or her public employer's discussion or action on the employee's failure to perform his or her duties properly.[9]
The Legislature has authorized the maintenance of separate files for certain employees. Section 119.07(3)(x), Florida Statutes, authorizes the maintenance of separate files containing information relating to the medical condition or medical status of state employees or water management district employees if that information is not relevant to the capacity of the employee to perform his or her duties. The statute specifically states that "[i]nformation which is exempt shall include, but is not limited to, information relating to workers' compensation, insurance benefits, and retirement or disability benefits."
Clearly, the Legislature recognizes the need to segregate medical information from other information in personnel files of state and water management employees. No such authority exists for municipal employees with regard to records of disciplinary action.
Accordingly, it is my opinion that absent statutory authority granted by the Legislature, the city may not validly enter into a collective bargaining agreement that removes information or material from an employee's personnel file and maintain such documents in a separate disciplinary file.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Michel v. Douglas, 464 So.2d 545 (Fla. 1985).
[2] See, Op. Att'y Gen. Fla. 90-104 (1990) (data processing company's desire to maintain "privacy" of certain materials filed with the Department of State has no effect unless such materials fall within a legislatively created exemption to ch. 119, Fla. Stat.).
[3] Section 119.011(1), F.S. (1993).
[4] See, Op. Att'y Gen. Fla. 75-8 (1975) (personnel records of employees of public transportation authority are public records); Op. Att'y Gen. Fla. 87-48 (1987) (personnel records of school employees are public records).
[5] See, Op. Att'y Gen. Fla. 77-48 (1977) (public employer or a duly executed collective bargaining agreement between a public employer and its employees may not validly make the personnel records of public employees confidential or exempt the same from the Public Records Law).
[6] 407 So.2d 348 (Fla. 4th DCA 1981).
[7] 407 So.2d at 350.
[8] 345 So.2d 646 (Fla. 1977).
[9] 345 So.2d at 648.
[10] I would note, however, that a court has held that an agency must provide an employee with an opportunity for a posttermination name-clearing hearing when stigmatizing information concerning the employee is made a part of the public record or is otherwise published. See, Burton v. City of Plant City, Florida,871 F.2d 1037 (11th Cir. 1989). See also, Garcia v. Walder Electronics, Inc., 563 So.2d 723 (Fla. 3d DCA 1990), review denied, 576 So.2d 287 (Fla. 1990), noting that a public employer has an affirmative duty to inform a discharged employee of his right to seek a post-termination name-clearing hearing.